IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-18459 MER |
| | ) | |
| Frictionless World, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| Frictionless World, LLC, | ) | |
| | ) | Adversary Proceeding No. 19-01282 MER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Frictionless, LLC; Changzhou Inter Universal | ) | |
| Machine & Equipment Co., Ltd.; Li Zhixiang; | ) | |
| Changzhou Zhong Lian Investment Co., Ltd.; | ) | |
| Serena Li; and Frank Li, | ) | |
| | ) | |
| Defendants. | ) | |

## ARBITRATION PARTICIPANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) OR STAY ADVERSARY PROCEEDING PENDING ARBITRATION

Changzhou Zhong Lian Investment Co., Ltd. ("Z.L. Investment"), Changzhou Inter Universal Machine & Equipment Co., Ltd. ("CIU"), and Frictionless, LLC ("Frictionless")—creditors of the Debtor, Frictionless World, LLC (the "Debtor" or "World")—and Li Zhixiang ("Mr. Li," and collectively with Z.L. Investment, CIU, and Frictionless, the "Arbitration Participants"), by their undersigned attorneys, under Fed.R.Civ.P. 12(b)(1) and Fed.R.Bankr.P. 7012(b), request the Court to dismiss this Adversary Proceeding or, in the alternative, to stay this Adversary Proceeding pending the outcome of the Arbitration (as defined below). In support of their Motion to Dismiss, the Arbitration Participants state:

Active/50847860.2

1.      The Arbitration Participants are contemporaneously filing: the (a) Arbitration Participants' Consolidated Memorandum of Law: (A) In Support of Their Motions to Compel the Debtor to Arbitrate Pursuant to the Federal Arbitration Act, For Relief From the Automatic Stay to Allow Arbitration to Proceed, and to Dismiss Under Fed. R. Civ. P. 12(B)(1), or Stay, Adversary Proceeding Pending Arbitration; and (B) In Opposition to the Debtor's Motion for Preliminary Injunction Staying the Arbitration in Favor of the Adversary Proceeding and Extending the Automatic Stay to the Debtor's Principal, Daniel Banjo (the "Consolidated Brief"); and (b) Declaration of Brian D, Koosed ("Koosed Dec."). The underlying documents related to the Arbitration necessary for the Court's consideration of the Motion to Compel Arbitration are attached to the Koosed Declaration. The Arbitration Participants incorporate by reference as if stated fully herein the Consolidated Brief and the Koosed Declaration (with exhibits).

2.      On April 15, 2019, Z.L. Investment initiated the Arbitration against the Debtor and Banjo by filing an initial demand for arbitration with the American Arbitration Association commencing the Arbitration captioned *Changzhou Zhong Lian Investment Co., Ltd. (a/k/a Z.L. Investment), Claimant v. Daniel Banjo and Frictionless World, LLC, Respondents v. Li Zhixiang, Z.L. Investment, and Changzhou Inter Universal Machine and Equipment Co., Ltd., Counterclaim and Third-Party Respondents*, American Arbitration Association Case No. 01-19-0001-1748 (the "Arbitration"). *See* Koosed Dec., Exh. 1.

3.      As demonstrated in the Consolidated Brief, the Debtor was a ready, willing, and able participant in the Arbitration for five and a half months prior to September 30, 2019, when the Debtor filed its voluntary chapter 11 bankruptcy petition and commenced its Bankruptcy Case.

4.      In the Consolidated Brief, the Arbitration Participants demonstrate that the FAA and Bankruptcy Code, binding precedent, the operative nucleus of fact and law applicable to both

2

the Arbitration and the Adversary Proceeding, and all considerations of equity and efficiency mandate allowing the Arbitration to proceed, as it was for nearly six months before the Petition Date. Furthermore, the same consideration require that the Debtor be compelled to arbitrate in the Arbitration the claims asserted in its Complaint in this Adversary Proceeding.

5. As demonstrated in the Consolidated Brief, because the claims asserted in the Complaint in this Adversary Proceeding must be resolved in the Arbitration, the Court should either dismiss or stay the Adversary Proceeding.

WHEREFORE, the Arbitration Participants respectfully request the Court to enter an Order dismissing the Adversary Proceeding or, in the alternative, staying the Adversary Proceeding pending the outcome of the Arbitration and granting such additional relief to the Arbitration Participants as the Court deems appropriate.

DATED: November 1, 2019.

SHERMAN & HOWARD L.L.C.

*s/ Eric E. Johnson*
Peter A. Cal
Eric E. Johnson
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
   E-mail: pcal@shermanhoward.com
          ejohnson@shermanhoward.com

K&L GATES LLP

*s/ Brian D. Koosed*
Brian D. Koosed
Robert T. Honeywell
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9204
Facsimile: (202) 778-9100
   E-mail: Brian.Koosed@klgates.com
          Robert.Honeywell@klgates.com

**Attorneys for Frictionless, LLC, Changzhou Zhong Lian Investment Co. Ltd., Changzhou Inter Universal Machine & Equipment Co., Ltd., and Li Zhixiang**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2019, I electronically filed the foregoing **ARBITRATION PARTICIPANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) OR STAY ADVERSARY PROCEEDING PENDING ARBITRATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Aaron J. Conrardy, Esq. | Thomas P. Howard |
| David Wadsworth, Esq. | Olayinka L. Hamza |
| David Warner, Esq. | thoward@thowardlaw.com |
| aconrardy@wgwc-law.com | ohamza@thowardlaw.com |
| dwadsworth@wgwc-law.com | |
| dwarner@wgwc-law.com | |

                                            *s/ Roberta Neal*