IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 19-18459 MER |
| Frictionless World, LLC | Chapter 11 |
| Debtor. | |
| | |
| Frictionless World, LLC, | |
| Plaintiff, | Adversary Proceeding No. 19-01282 MER |
| v. | |
| Frictionless, LLC; Changzhou Inter Universal Machine & Equipment Co., Ltd.; Li Zhixiang; Changzhou Zhong Lian Investment Co., Ltd.; Serena Li; and Frank Li, | |
| Defendants. | |

**DECLARATION OF BRIAN D. KOOSED, ESQ. IN SUPPORT OF
THE ARBITRATION PARTICIPANTS'**

**(A) MOTIONS TO COMPEL THE DEBTOR TO ARBITRATE PURSUANT TO THE
FEDERAL ARBITRATION ACT, FOR RELIEF FROM THE AUTOMATIC STAY TO
ALLOW ARBITRATION TO PROCEED, AND TO DISMISS UNDER FED. R. CIV. P.
12(b)(1), OR STAY, ADVERSARY PROCEEDING PENDING ARBITRATION;**

**AND**

**(B) IN OPPOSITION TO THE DEBTOR'S MOTION FOR PRELIMINARY
INJUNCTION STAYING THE ARBITRATION IN FAVOR OF THE ADVERSARY
PROCEEDING AND EXTENDING THE AUTOMATIC STAY TO
THE DEBTOR'S PRINCIPAL, DANIEL BANJO**

I, BRIAN D. KOOSED, declare as follows:

1. I am an attorney duly licensed to practice law in the District of Columbia and the States of New York and Maryland. I am also a member of the Bar of this Court. I am a partner with the law firm K&L Gates LLP, counsel to the Arbitration Participants[1] in the captioned bankruptcy case and related Adversary Proceeding.

2. I submit this Declaration based on my personal knowledge in support of the Arbitration Participants': (a) motions to compel the Debtor to arbitrate pursuant to the Federal Arbitration Act, for relief from the Automatic Stay to allow the Arbitration to proceed, and to dismiss under Fed. R. Civ. P. 12(b)(1) or, at a minimum, stay the Adversary Proceeding pending the Arbitration's outcome; and (b) opposition to the Debtor's Injunction Motion, which seeks to stay the Arbitration indefinitely in favor of the Adversary Proceeding and to extend the Automatic Stay to the Debtor's principal, Daniel Banjo.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Arbitration Demand and accompanying exhibits that Z.L. Investment filed with the AAA on or about April 15, 2019.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Arbitration Participants' Proposed Demand for Arbitration, without exhibits.[2]

5. Attached hereto as Exhibit 3 is a true and correct copy of the Arbitration Counterclaims that the Debtor and Banjo filed in the Arbitration on or about May 8, 2019.

6. Attached hereto as Exhibit 4 is a true and correct copy of the Adversary Complaint that the Debtor filed in this Court on or about October 9, 2019.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Arbitration Participants' Consolidated Memorandum of Law, filed herewith.

[2] The exhibits to the Proposed Demand are available upon request.

2

7. Attached hereto as Exhibit 5 is a true and correct copy of the Debtor's Voluntary Petition for Bankruptcy, filed on or about September 30, 2019.

8. Attached hereto as Exhibit 6 is a true and correct copy of a document that the Debtor attached as Exhibit 44 to its Adversary Complaint filed in this Court.

9. Attached hereto as Exhibit 7 is a true and correct copy of a May 13, 2019 email that I sent in connection with the Arbitration.

10. Attached hereto as Exhibit 8 is a true and correct copy of the Joint Answer and Reply to the Arbitration Counterclaims that Z.L. Investment, Mr. Li, and CIU filed in the Arbitration on or about June 10, 2019.

11. Attached hereto as Exhibit 9 is a true and correct copy of the Emergency Arbitration Motion that the Debtor and Banjo filed in the Arbitration on or about June 18, 2019.

12. Attached hereto as Exhibit 10 is a true and correct copy of the AAA's Commercial Arbitration Rules, accessed from the AAA's website on or about October 31, 2019.

13. Attached hereto as Exhibit 11 is a true and correct copy of a June 20, 2019 email that I received in connection with the Emergency Arbitration Motion that the Debtor and Banjo filed in the Arbitration.

14. Attached hereto as Exhibit 12 is a true and correct copy of a June 21, 2019 email that I received in connection with the Emergency Arbitration Motion that the Debtor and Banjo filed in the Arbitration.

15. Attached hereto as Exhibit 13 is a true and correct copy of a June 24, 2019 email that I received from the Debtor's and Banjo's Arbitration counsel bearing the subject line "ICDR Submission to Dispute Resolution."

16. Attached hereto as Exhibit 14 is a true and correct copy of the Opposition to the Emergency Arbitration Motion that Z.L. Investment, CIU, and Mr. Li filed in the Arbitration on or about June 25, 2019.

17. Attached hereto as Exhibit 15 is a true and correct copy of a July 3, 2019 email that I received in connection with the Arbitration.

18. Attached hereto as Exhibit 16 is a true and correct copy of the Reply in Support of the Emergency Arbitration Motion that the Debtor and Banjo filed in the Arbitration on or about July 8, 2019.

19. Attached hereto as Exhibit 17 is a true and correct copy of the Emergency Arbitrator's Order, dated July 19, 2019, denying the Debtor's and Banjo's Emergency Arbitration Motion in the Arbitration.

20. Attached hereto as Exhibit 18 is a true and correct copy of a July 23, 2019 email that I received in connection with the Arbitration.

21. Attached hereto as Exhibit 19 is a true and correct copy of an August 13, 2019 email that I received in connection with the Arbitration.

22. Attached hereto as Exhibit 20 is a true and correct copy of an August 18, 2019 email that I received in connection with the Arbitration, which enclosed Procedural Order No. 1, dated August 18, 2019, issued by the Tribunal in the Arbitration.

23. Attached hereto as Exhibit 21 is a true and correct copy of a September 9, 2019 email that I received in connection with the Arbitration, which enclosed Procedural Order No. 2, dated September 9, 2019, issued by the Tribunal in the Arbitration.

24. Attached hereto as Exhibit 22 is a true and correct copy of a September 26, 2019 Joint Submission that the Parties made to the Tribunal in the Arbitration.

25. Attached hereto as Exhibit 23 is a true and correct copy of a September 29, 2019 email that I received in connection with the Arbitration, which enclosed Procedural Order No. 3, dated September 29, 2019, issued by the Tribunal in the Arbitration.

26. Attached hereto as Exhibit 24 is a true and correct copy of a June 24, 2019 email that I sent in connection with the Arbitration.

27. Attached hereto as Exhibit 25 is a true and correct copy of a webpage from the website of Schaner Dispute Resolution LLC, available at https://schanerlegal.com/cases/, accessed on October 30, 2019.

28. Attached hereto as Exhibit 26 is a true and correct copy of a webpage from the website of Huebner Arbitration, available at http://www.huebnerarbitration.com/experience/, accessed on October 30, 2019.

29. Attached hereto as Exhibit 27 is a true and correct copy of an October 22, 2019 email that I received in connection with the Arbitration.

30. Attached as Exhibit 28 is a true and correct copy of an October 8, 2019 email that I received in connection with the Arbitration.

In accordance with 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of November 2019 in Washington D.C.

*s/ Brian D. Koosed*
Brian D. Koosed

## CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2019, I electronically filed the foregoing **DECLARATION OF BRIAN D. KOOSED, ESQ. IN SUPPORT OF THE ARBITRATION PARTICIPANTS' (A) MOTIONS TO COMPEL THE DEBTOR TO ARBITRATE PURSUANT TO THE FEDERAL ARBITRATION ACT, FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW ARBITRATION TO PROCEED, AND TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), OR STAY, ADVERSARY PROCEEDING PENDING ARBITRATION; AND (B) IN OPPOSITION TO THE DEBTOR'S MOTION FOR PRELIMINARY INJUNCTION STAYING THE ARBITRATION IN FAVOR OF THE ADVERSARY PROCEEDING AND EXTENDING THE AUTOMATIC STAY TO THE DEBTOR'S PRINCIPAL, DANIEL BANJO** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Aaron J. Conrardy, Esq. | Thomas P. Howard |
| David Wadsworth, Esq. | Olayinka L. Hamza |
| David Warner, Esq. | thoward@thowardlaw.com |
| aconrardy@wgwc-law.com | ohamza@thowardlaw.com |
| dwadsworth@wgwc-law.com | |
| dwarner@wgwc-law.com | |

                                                            *s/ Roberta Neal*