# Exhibit 19

| | |
|---|---|
| **From:** | RobertsonE@adr.org |
| **To:** | ghamza@thowardlaw.com; Meyers, Deborah; thoward@thowardlaw.com; Haddox, Kodey M.; Koosed, Brian D.; wcgroh@thowardlaw.com; sbrenner@thowardlaw.com; bobrien@thowardlaw.com; McCullough, Austin E.; Gehm, Lacey A. |
| **Subject:** | Changzhou Zhong Lian Investment Co. Ltd. v. Daniel Banjo, individually; - Case 01-19-0001-1748 |
| **Date:** | Tuesday, August 13, 2019 3:45:41 PM |
| **Attachments:** | imagecc2ba4.PNG |
| | INT047.pdf |

External Sender:

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

 **Elizabeth Robertson, Esq.**
**Director**
International Centre for Dispute Resolution
American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271
www.adr.org
T: +1 212 484 3299
F: 877 304 8457



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.



International Centre
Thomas Ventrone, Esq.
ICDR Vice President
120 Broadway, 21st Floor
New York, NY 10271
Telephone: (212)484-4181
Fax: (212)246-7274

August 13, 2019

**Via Email**

Brian D. Koosed, Esq.
Austin E. McCullough, Esq.
Kodey M. Haddox, Esq.
Lacey Gehm, Esq.
Deborah Meyers, Esq.
K&L Gates, LLP
1601 K Street NW
Washington, DC 20006-1600

William C. Groh
Scott E. Brenner, Esq.
Thomas P. Howard, Esq.
Olayinka Hamza, Esq.
Brenda O'Brien, Esq.
Thomas P. Howard, LLC
842 West South Boulder Road
Suite 100
Louisville, CO 80027

Case Number: 01-19-0001-1748

Changzhou Zhong Lian Investment Co. Ltd.
(a/k/a Z.L. Investment)
-vs-
Daniel Banjo, individually;
Frictionless World LLC
Frictionless, LLC
-vs-
Li Zhixiang;
Z.L. Investment; and
Changzhou Inter Universal Machine &
Equipment Co., Ltd.

Dear Counsel,

After careful review of the comments submitted by the parties and pursuant to our authority under the applicable Rules, the ICDR has determined that the challenge is hereby denied and Arbitrator Huebner is therefore re-affirmed.

At this stage the arbitration may proceed with scheduling of the preliminary hearing conference call with the Tribunal. We will follow up under separate cover shortly regarding availability for the call.

Sincerely,

/s/

Elizabeth Robertson, Esq.
Director
Direct Dial: (212)484-3299
Email: RobertsonE@adr.org
Fax: (877)304-8457

# Exhibit 20

| From: | RobertsonE@adr.org |
|---|---|
| To: | chcquette@jamsdenver.com; arbitrationdocs@jamsdenver.com; bobrien@kthowardlaw.com; DHuebner@HuebnerArbitration.com; Gehm, Lacey A.; ohamza@kthowardlaw.com; lschaner@schanerlegal.com; Meyers, Deborah; thrward@kthowardlaw.com; Haddox, Kodey M.; Kooced, Brian D.; wcgroh@kthowardlaw.com; sbrenner@kthowardlaw.com; McCullough, Austin E. |
| Subject: | Changzhou Zhong Lian Investment Co. Ltd. v. Daniel Banjo, individually; - Case 01-19-0001-1748 |
| Date: | Sunday, August 18, 2019 6:15:15 PM |
| Attachments: | image6ab55c.PNG |
| | Procedural Order No 1.pdf |
| | INT020.pdf |
| | INT046.pdf |



External Sender:

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

**Elizabeth Robertson, Esq.**
**Director**
International Centre for Dispute Resolution
American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271
www.adr.org
T: +1 212 484 3299
F: 877 304 8457



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

ICDR Case No.: 01-19-0001-1748

***Changzhou Zhong Lian Investment Co. Ltd. (a/k/a Z.L. Investment)***
*vs.*
***Daniel Banjo, individually, et al.***

**Procedural Order No. 1**

The Tribunal duly constituted herein orders the following:

1.     In preparation for a telephonic preparatory conference currently in the process of being scheduled pursuant to the arbitration rules applicable in this proceeding, counsel for the parties shall consider and prepare to discuss with the Tribunal the following agenda items:

    a.  Status of filing of the Demand for Arbitration and any Response to the Demand

    b.  The applicable arbitration clause or agreement

    c.  Brief description by each side of the nature of its claims, counterclaims, defenses, damages sought, and any other relief sought, including fees and costs

    d.  Any related, pending arbitrations or litigations

    e.  Any additional necessary parties

    f.  Any contemplated consolidation or joinder requests

    g.  Any conditions precedent to arbitration

    h.  Any dispute with respect to jurisdiction or arbitrability

    i.  The seat of arbitration

    j.  Applicable arbitration/procedural law

    k.  Applicable substantive law

    l.  Applicable arbitration rules

    m.  Nature and scope of any anticipated factual and expert information exchange and requests, including with respect to electronically maintained information

    n.  Prevention of spoliation; arbitration hold

    o.  Translation issues, if any

    p.  Whether comprehensive witness statements will be produced and submitted in advance of the hearing

    q.  The nature and timing of additional written submissions (*e.g.*, memorials or legal briefs)

    r.  Whether submissions made during emergency arbitration proceedings are to be considered part of the record before this Tribunal

    s.  Whether a confidentiality agreement / protective order is anticipated

    t.  Any use of expert witnesses and, if so, on what topics

    u.  Applications and motions procedure

    v.  Whether dispositive motions are anticipated

    w.  Anticipated length of the final hearing

    x.  The date(s) to be set for the final hearing

    y.  Preliminary discussion of hearing logistics

    z.  Service/filing of documents

    aa. Communications with the Tribunal

    ab. Disposition of the Arbitrators' files

    ac. Any other issues raised by the parties

2.    Counsel shall meet, confer, and submit to the Tribunal ***no later than two (2) business days before the preparatory conference*** a joint proposal on the following three (3) matters for discussion during the preparatory conference:

    a.  With respect to ¶ 1(w), above:  the number of days to be reserved for the final hearing in this matter

    b.  With respect to ¶ 1(x), above:  a block of three consecutive months within which the parties agree the hearing in this matter should be scheduled, with a statement of all dates within those months that are agreed by the parties to be available and acceptable for the hearing

    c.  With respect to ¶ 1(s), above:  a draft confidentiality agreement / protective order, *if* one will be sought by the parties or a party

If counsel for the parties cannot agree on joint proposals with respect to those three items, then counsel for each party shall submit ***no later than two (2) business days before the preparatory conference***, a letter not to exceed two (2) pages in length setting forth that party's position on the unresolved matter(s).

2

      3.      During the meet and confer process ordered in ¶ 2, above, counsel are encouraged to discuss and attempt to resolve any points of disagreement on the other agenda items listed in ¶ 1(b), (d)-(r), inclusive, above, so that the preparatory conference proceeds as efficiently as possible.

      This order shall continue in effect unless and until amended by subsequent order of the Tribunal.

Dated:      16 August 2019

_____
Amb. (r.) David Huebner
On behalf of the Tribunal

3

# Exhibit 21

| From: | David Huebner |
|---|---|
| To: | Koosed, Brian D.; bobrien@thowardlaw.com; Gehm, Lacey A.; ghanza@thowardlaw.com; Meyers, Deborah; rhowart@thowardlaw.com; Haddo~, Kodey M.; wgrosh@thowardlaw.com; sbrenner@thowardlaw.com; McCullough, Austin E. |
| Cc: | Elizabeth Robertson, Esq.; chosuette@jamsdenver.com; arbitrationdocs@jamsdenver.com; bchaner@schane-legal.com |
| Subject: | PROC. ORDER No. 2 -- Changzhou Zhong Lian Investment Co. Ltd. v. Daniel Banjo, et al. -- Case 01-19-0001-1748 |
| Date: | Monday, September 09, 2019 1:12:55 PM |
| Attachments: | Procedural Order No. 2.pdf |

External Sender:

Counsel,

Attached please find Procedural Order No. 2 issued by the Tribunal in this matter.

Best regards,

DH

_____
Amb. (r.) David Huebner, C.Arb
Arbitrator

*Case Manager: Ms. Anne Lieu*
*JAMS*
*555 W. 5th Street, 32nd Floor*
*Los Angeles, CA 90013*
*Tel: +1-213-620-1133*
*Fax: +1-213-620-0100*
*alieu@JAMSadr.com*

DHuebner@HuebnerArbitration.com
http://secure-
web.cisco.com/1uH7f07rgxj4H_E5a57Am5RtA4E5nCE7eY4VNGtJo95sXUAU3R9Ggfa9DUtXr5m1zefAcpSzd42LKvCoRlCQn4MG35pvpWmGj0bs9JmzlAMgLTL_bB93Ld4v53gf5ss5FpsJ4lbF0hL?n-
GUbv4bD6OUOu4D7bdeq2AJ4,b_mrhpJf4jmC5aWWO5MJaH98nVU-
tDZv4EXesrSqesZrs7BmOZGsZIMrSrehrjqU_fqbbf0Xu4JE9tZXnGJkiGeVNl7F8zrxnMGWn6WeV_XPf5eHCGls08VJZrfrO_1pJhitp%3A0s2F%2Fwww.HuebnerArbitration.com

ICDR Case No. 01-19-0001-1748

***Changzhou Zhong Lian Investment Co. Ltd. (a/k/a Z.L. Investment)***
*vs.*
***Daniel Banjo, individually, et al.***

## PROCEDURAL ORDER NO. 2

Pursuant to the AAA Commercial Arbitration Rules effective October 1, 2013 ("AAA Rules"), the Tribunal conducted a telephonic preliminary hearing with counsel for the parties in the above captioned matter on September 6, 2019.

All the parties herein ("Parties") made appearances at the preliminary hearing through the following counsel:

For claimant Changzhou Zhong Lian Investment Co. Ltd. and related parties:

> Brian D. Koosed, Esq.
> Austin E. McCullough, Esq.
> Kodey M. Haddox, Esq.
> Lacey Gehm, Esq.
> K&L Gates, LLP

For respondents and counterclaimants Daniel Banjo, Frictionless World, LLC, and Frictionless, LLC:

> Thomas P. Howard, Esq.
> Thomas P. Howard, LLC

Also in attendance were the three members of the Tribunal and Elizabeth Robertson, Esq., Director, ICDR/AAA.

***The Tribunal hereby confirms the agreements of the Parties at the preliminary hearing and/or orders as follows:***

1.      **Hearing:**

The Parties agreed that the final hearing (the "Hearing") in this arbitration could be fully and fairly conducted within five (5) days or less. The Parties further agreed that the Hearing should be scheduled for ***July 13-17, 2020***, and the Tribunal hereby so orders. Pursuant to § 14.6.3 of the Operating Agreement for Frictionless, LLC executed as of April 11, 2013 by Li Zhixiang, Z.L. Investment, and Daniel Banjo (the "Operating Agreement"), the Hearing shall be conducted in Denver, Colorado.

1

There was brief preliminary discussion of Hearing logistics. Counsel for claimant and counterclaim respondents stated that a translator would be necessary for certain witnesses. Counsel for all the Parties stated that they did not foresee any unusual or complex logistical issues related to the Hearing that would require determination at this stage of the proceeding.

The Tribunal requested that the Parties reserve appropriate space in Denver for the Hearing at their earliest convenience and advise the Tribunal of the location so reserved.

Counsel expressed their current expectations as to the number of fact witnesses and the number and subject matter of expert witnesses to be called to testify at the Hearing. Each side stated the intention to call a damages / forensic accounting expert.

2.    **Arbitration Agreement**:

The applicable arbitration agreement in this matter is § 14.6 of the Operating Agreement.

3.    **Applicable Law**:

The laws of the State of Colorado, excluding its conflicts of law rules, apply in this matter pursuant to Operating Agreement § 14.5. With respect to procedural matters, the Federal Arbitration Act, Colorado Revised Uniform Arbitration Act, and AAA Rules apply in this matter pursuant to §§ 14.6.1-14.6.3, inclusive, of the Operating Agreement.

4.    **Parties / Changes of Claims / Related Proceedings**:

The Parties confirmed that all necessary parties are already named herein and that they do not intend to seek leave to join additional necessary parties in these proceedings.

The Parties confirmed that there are no litigations or other pending arbitrations related to the subject matter of this dispute and that they do not intend to seek leave to consolidate this arbitration with any other proceeding. Counsel for claimant stated that claimant was considering filing a changed Demand for Arbitration. Counsel for counterclaimants stated that they intended to file changed counterclaims.

To facilitate efficient administration of these proceedings, the Parties shall file any changed claims or changed counterclaims no later than ***5:30 p.m. (Denver time) on October 4, 2019***. Pursuant to Rule 6(b), any Party wishing to file an answer or objection to any such changed claims or counterclaims shall do so no later than ***5:30 p.m. (Denver time) on October 18, 2019***.

5.    **Jurisdiction / Arbitrability:**

The Parties stated no challenge and no intent to challenge the formation, existence, or validity of the arbitration agreement, the jurisdiction of the Tribunal, or the arbitrability of any claim, defense, or counterclaim stated in this matter. Counsel for the Parties stated that there are

2

or were no conditions precedent to initiating arbitration and that, if any such conditions precedent exist or existed, the Parties have waived them.

Counsel for respondents stated that Frictionless World, LLC was considering filing a bankruptcy petition. The presiding Arbitrator requested that counsel provide expeditious notice to the Tribunal if any such petition is filed.

6.    **Arbitration Hold**:

The presiding Arbitrator directed counsel for the Parties to inform their clients that the Tribunal has ordered an arbitration hold which applies to all material, including material generated and/or maintained in electronic form, related to the subject matter of the dispute set forth in the claims and counterclaims filed herein. The Parties shall take all necessary steps to prevent the destruction of any and all such material, whether held in paper, electronic, or any other form. If a Party has an automatic document deletion or destruction program in place, that system should and must be overridden until this arbitration concludes with issuance of the Final Award, by agreement of the Parties, or otherwise. No Party raised any objection to the imposition of this arbitration hold.

7.    **Confidentiality Agreement / Protective Order:**

The Tribunal discussed with counsel for the Parties several questions and issues with respect to language in the Joint Proposed Stipulated Protective Order submitted by the Parties in advance of the preliminary hearing. The presiding Arbitrator requested that counsel at their earliest convenience submit to the Tribunal a revised Joint Stipulated Protective Order that responds to the questions raised and incorporates the points of agreement reached during the preliminary hearing.

8    **Motions**:

Motions may not be filed without leave of the Tribunal. An application for leave to file a motion may not be submitted to the Tribunal prior to a good faith attempt to meet and confer with the other Party or Parties with respect to the substance of the motion sought.

An application for leave to file a motion shall be submitted to the Tribunal by letter or email not to exceed three (3) pages describing (a) the motion that the Party wishes to file, (b) the factual and legal basis for the motion, (c) the reasons why the motion needs to be filed and how it will expedite resolution of the case or otherwise benefit the Parties, and (d) whether the relief sought has been agreed in part by the Parties or has been or is being completely opposed.

Upon receipt of the application, the Tribunal may invite the other Party or Parties to comment or may rule solely on the basis of the application submitted. If leave is granted, the Tribunal will set a briefing schedule on the motion in the procedural order so granting leave.

The Parties are advised that it is unlikely that dispositive motions which require resolution of disputed material facts will be granted.

3

9.    **Exchange of Information**:

The Tribunal entertained the Parties' views with respect to the form, nature, and scope of pre-Hearing exchange and production of information, including information maintained in electronic form.

The Tribunal expressed its view that interrogatories and requests for admission are not appropriate or useful mechanisms in arbitration proceedings. The Tribunal expressed its further view that the Parties should be mindful that depositions should not be viewed as a matter of right in arbitration proceedings and should not be approached as expansively as one might in protracted civil litigation in certain common law jurisdictions.

Counsel for the Parties expressed their respective views regarding the appropriate number and length of depositions to be conducted. Counsel for claimant and counterclaim respondents expressed the view that most documents in the case are in English and that translation of documents that exist in Mandarin would not pose a significant problem. Counsel for respondents did not voice a contrary opinion on that point. The presiding Arbitrator asked counsel for the Parties to inform the Tribunal if their views with respect to translation change after production of documents commences.

The Tribunal directed counsel to meet, confer, and attempt to agree on behalf of the Parties as to the number and length of any depositions to be conducted of party and non-party witnesses.

No later than *__5:30 p.m. (Denver time) on September 26, 2019__* the Parties shall submit to the Tribunal a joint statement of the agreement reached with respect to the above meet-and-confer matters. If the Parties fail to reach agreement on all points, each side shall also submit to the Tribunal on the same date a separate statement, not to exceed three (3) pages in length, setting forth its position on the matters not agreed.

10.    **Submissions:**

The Tribunal entertained the Parties' views with respect to the form, nature, and scope of witness statements and submissions of fact and law to the Tribunal in advance of the Hearing.

The Tribunal directed counsel to meet, confer, and attempt to agree on behalf of the Parties as to (1) whether comprehensive witness statements are to be submitted in advance of the Hearing, (2) whether the presentation made in advance of the Hearing is to be a full submission of a Party's case (including memorial, exhibits, comprehensive witness statements, and legal authorities), a memorandum of points and authorities, or something in between, (3) whether a subsequent round of responsive submissions should be incorporated into the procedural schedule, and (4) whether written submissions should be simultaneous or consecutive.

No later than *__5:30 p.m. (Denver time) on September 26, 2019__* the Parties shall submit to the Tribunal a joint statement of the agreement reached with respect to the above meet-and-confer matters. If the Parties fail to reach agreement on all points, each side shall also submit to

the Tribunal on the same date a separate statement, not to exceed three (3) pages in length, setting forth its position on the matters not agreed.

11.   **Procedural Schedule:**

The Tribunal directed counsel to meet, confer, and attempt to agree on behalf of the Parties on the procedural schedule in this matter, being mindful of the Hearing dates now set, including with respect to the following:

- Initial exchange of documents and/or requests for production of documents

- Deadline for submitting any application seeking leave to file a motion to compel production of documents

- Deadline for conducting any depositions of fact witnesses

- Deadline for conducting any depositions of expert witnesses

- Deadline for exchanging and submitting any expert reports

- Information exchange (*i.e.*, discovery) cut-off

- Exchange and submission of pre-Hearing memorials or memoranda

- Exchange and submission of pre-Hearing reply memorials or memoranda, if any

- Exchange of proposed exhibit lists

- Deadline for submitting written objections, if any, to exhibits on grounds of privilege or authenticity

- Deadline(s) for transmitting to the Tribunal a consolidated exhibit list and bundle

- Exchange and submission of final lists of witnesses actually anticipated to be called at the Hearing

- Deadline for submission of a stipulation of any uncontested facts if the Parties conclude that such a stipulation would be useful

- Deadline for seeking any subpoena from the Tribunal related to witness attendance at the Hearing

- Proposed date for a final pre-Hearing conference call with the Tribunal to discuss matters related to the Hearing

No later than *__5:30 p.m. (Denver time) on September 26, 2019__* the Parties shall submit to the Tribunal a joint statement of the agreement reached with respect to the above meet-and-confer matters. If the Parties fail to reach agreement on all points, each side shall also submit to the Tribunal on the same date a separate statement, not to exceed three (3) pages in length, setting forth its position on the matters not agreed.

12. **Emergency Arbitration Submissions:**

The Parties agreed that any submissions made during the Emergency Arbitration proceeding initiated prior to constitution of this Tribunal shall be considered part of the record before this Tribunal.

13. **Dates / Deadlines:**

All due dates and deadlines set forth in this and future procedural orders shall be interpreted to mean no later than 5:30 p.m. Denver time on the date set, unless otherwise specifically stated. Unless revised by the Tribunal in response to a timely filed application, deadlines will be strictly enforced and shall be adhered to by the Parties in order to avoid unnecessary delay and to ensure an expeditious and fair resolution of this matter.

14. **Arbitrators' Disclosures:**

The Parties acknowledge that they have received from the AAA/ICDR the Arbitrators' disclosure forms and are aware of no other matters or issues that might require further disclosures by or lead to the disqualification of an Arbitrator. The Parties have a continuing obligation to provide to the AAA/ICDR and the Arbitrators without delay any information that comes to their attention that might require further disclosures by an Arbitrator or that might lead to an Arbitrator's disqualification.

15. **Communication:**

Any and all filings, applications, briefs, memoranda of law and fact, and other documents directed to the Tribunal by a Party shall be transmitted to the Arbitrators by email with opposing counsel and Ms. Robertson copied thereon. Unless the Tribunal specifically instructs to the contrary, printed copies of (or removable drives containing) such material should *not* be mailed or otherwise delivered to the Tribunal.

The Tribunal and Ms. Robertson should *not* be copied on correspondence, exchange of drafts, or other colloquy between counsel or among the Parties.

There shall be no *ex parte* communications of any nature with the Tribunal or an Arbitrator. Any counsel or Party, however, may communicate about administrative matters with any AAA/ICDR counsel, case manager, or administrative staff member without including opposing counsel or counterparties in or on that communication.

16.    **Arbitrators' Files**:

It is the practice of each of the Arbitrators to destroy his files related to a matter sixty (60) calendar days after the delivery of the final award to the parties in that matter, unless a party requests in writing prior to the closing of the final hearing the return of specific exhibits or other items which that party introduced into evidence.

17.    **Other Matters**:

No other matters were raised by the Parties or decided by the Tribunal during the preliminary hearing.


This order shall continue in effect unless and until amended by subsequent order of the Tribunal.


Dated:  September 9, 2019


_____
Amb. (ret.) David Huebner
On behalf of the Tribunal

# Exhibit 22

| From: | Haddox, Kodey M. |
|---|---|
| To: | "DHuebner@HuebnerArbitration.com"; "lschaner@schanerlegal.com"; "choquette@jamsdenver.com"; "arbitrationdocs@jamsdenver.com"; "RobertsonE@adr.org" |
| Cc: | Koosed, Brian D.; Gehm, Lacey A.; McCullough, Austin E.; Meyers, Deborah; "thoward@thowardlaw.com"; "bobrien@thowardlaw.com"; "ohamza@thowardlaw.com"; "sbrenner@thowardlaw.com"; "wcgroh@thowardlaw.com" |
| Subject: | Changzhou Zhong Lian Investment Co. Ltd. v. Daniel Banjo, et al. -- Case 01-19-0001-1748: Joint Submission and Agreed Proposed Procedural Timetable |
| Date: | Thursday, September 26, 2019 3:35:23 PM |
| Attachments: | September 26, 2019 Joint Submission Pursuant to Procedural Order Number 2_USW_Active01_502507636_1.PDF Agreed Proposed Procedural Timetable_USW_Active01_502507660_1.PDF |

Members of the Tribunal,

Pursuant to Procedural Order No. 2 in the referenced matter, please find attached a joint letter summarizing the parties' agreements as to the procedural items set forth in Procedural Order No. 2, as well as the parties' agreed proposed procedural timetable.

Respectfully submitted,



**Kodey Haddox**
K&L Gates LLP
599 Lexington Avenue
New York, NY  10022
Phone: 212-536-3920
Fax: 212-536-3901
Kodey.Haddox@klgates.com
www.klgates.com



September 26, 2019

Brian D. Koosed
Brian.koosed@klgates.com

T +1 202 778 9204
F +1 202 778 9100

**VIA EMAIL ONLY**

Elizabeth Robertson, Esq.
120 Broadway, 21st Floor
New York, NY 10271
RobertsonE@adr.org

Steven Choquette, Esq.
410 17th Street, Suite 2440
Denver, CO 80202
choquette@jamsdenver.com

David Huebner, Esq.
555 W. 5th Street, 32nd Floor
Los Angeles, CA 90013
DHuebner@HuebnerArbitration.com

Lawrence Schaner, Esq.
150 North Michigan Ave, Suite 2800
Chicago, IL 60601
lschaner@schanerlegal.com

Re:   **ICDR Case No. 01-19-0001-1748:** *Changzhou Zhong Lian Investment Co. Ltd.*
*(a/k/a Z.L. Investment) v. Daniel Banjo, individually, et al.*

Dear Elizabeth, Steven, David and Lawrence:

We are counsel to Claimant/Counterclaim-Respondent Changzhou Zhong Lian Investment
Co. Ltd. (a/k/a Z.L. Investment) and Counterclaim-Respondents Li Zhixiang and Changzhou Inter
Universal Machine & Equipment Co., Ltd. in the referenced matter. We submit this letter jointly
with counsel to Respondents/Counterclaimants Daniel Banjo and Frictionless World LLC,
pursuant to the Tribunal's Procedural Order Number 2 ("**P.O. No. 2**").

In its P.O. No. 2, the Tribunal directed counsel for the parties to meet, confer, and attempt
to reach agreement on a number of procedural matters, and to inform the Tribunal no later than

5:30 p.m. (Denver time) today, September 26, 2019, as to whether the parties had reached agreement.

The parties have met and conferred as instructed by the Tribunal and have reached agreement on all material items set forth in P.O. No. 2. For the Tribunal's reference, below please find a brief summary of the parties' agreement.

## Section 7 of P.O. No. 2:  Confidentiality Agreement / Protective Order

The Tribunal instructed the parties to submit a revised Joint Stipulated Protective Order that responded to the questions raised, and incorporated the points of agreement reached, during the September 6, 2019 preliminary hearing with the Tribunal.

The parties submitted the revised Joint Stipulated Protective Order to the Tribunal on September 20, 2019. On September 23, 2019, the Tribunal advised that it approved the revised Joint Stipulated Protective Order, with one modification. The parties hereby confirm that they have no objection to the Joint Stipulated Protective Order issued by the Tribunal, incorporating the Tribunal's modification.

## Section 9 of P.O. No. 2:  Exchange of Information

In P.O. No. 2, the Tribunal directed counsel to "meet, confer, and attempt to agree on behalf of the parties as to the number and length of any depositions to be conducted of party and non-party witnesses."

The parties have conferred and agreed that each side may depose up to eight (8) witnesses, each for no more than seven (7) hours of testimony total, provided, however, that: (i) no Party is required to depose that many witnesses (as Claimant/Third-Party Respondents anticipate taking approximately 4 depositions); and (ii) the Parties agree to make reasonable best efforts to take depositions remotely via telephonic or videoconference means, where feasible.

## Section 10 of P.O. No. 2:  Pre-Hearing Submissions

The Tribunal directed counsel to "meet, confer, and attempt to agree on behalf of the Parties as to (1) whether comprehensive witness statements are to be submitted in advance of the Hearing, (2) whether the presentation made in advance of the Hearing is to be a full submission of a Party's case (including memorial, exhibits, comprehensive witness statements, and legal authorities), a memorandum of points and authorities, or something in between, (3) whether a subsequent round of responsive submissions should be incorporated into the procedural schedule, and (4) whether written submissions should be simultaneous or consecutive."

2

The parties have conferred and agreed to make the following pre-Hearing submissions simultaneously on the date set forth in the procedural timetable attached to this letter:

    a.    Claimant/Third-Party Respondents will file a Statement of Claim with all supporting evidence and legal analysis, including Fact Witness Statements, Expert Witness Reports, supporting documents, and all legal authorities relied upon; and

    b.    Respondents/Counter-Claimants will file a Statement of Counterclaim with all supporting evidence and legal analysis, including Fact Witness Statements, Expert Witness Reports, supporting documents, and all legal authorities relied upon.

In addition, the parties have conferred and agreed to make the following responsive round of pre-Hearing submissions simultaneously on the date set forth in the procedural timetable attached to this letter:

    a.    Respondents will file a Statement of Defense to Claimant's/Third-Party Respondents' Claims, with all supporting evidence and legal analysis, including any Rebuttal Fact Witness Statements, Rebuttal Expert Witness Reports, supporting documents and all legal authorities relied upon; and

    b.    Claimant/Third-Party Respondents will file a Statement of Defense to Respondents' Counterclaims, with all supporting evidence and legal analysis, including any Rebuttal Fact Witness Statements, Rebuttal Expert Witness Reports, supporting documents and all legal authorities relied upon.

### Section 11 of P.O. No. 2: Procedural Schedule

The Tribunal directed counsel to "meet, confer, and attempt to agree on behalf of the Parties on the procedural schedule in this matter."

The parties have conferred a number of times over the past few weeks and have ultimately agreed – and submit for the Tribunal's consideration – the enclosed procedural timetable.

Thank you for your attention to this submission. We are available at the Tribunal's convenience to answer any questions the Tribunal may have.

3

Respectfully submitted,

Brian D. Koosed

cc:    Thomas Howard, Esq.    (*via email only*)
       William Groh, Esq.     (*via email only*)
       Scott Brenner, Esq.    (*via email only*)

4

**IN THE MATTER OF AN ARBITRATION UNDER THE COMMERCIAL RULES OF
THE AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| In the Matter of Arbitration Between: | : |
| | : |
| CHANGZHOU ZHONG LIAN INVESTMENT CO. LTD. (A/K/A Z.L. INVESTMENT), INDIVIDUALLY, AND DERIVATIVELY ON BEHALF OF FRICTIONLESS, LLC, | : |
| | : |
| Claimant, | : |
| | : |
| vs. | : |
| | : |
| DANIEL BANJO, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF FRICTIONLESS, LLC, AND FRICTIONLESS WORLD, LLC, INDIVIDUALLY, | : |
| | : |
| Respondents, | : |
| | : |
| vs. | : |
| | : |
| LI ZHIXIANG, CHANGZHOU ZHONG LIAN INVESTMENT CO. LTD. (A/K/A Z.L. INVESTMENT), AND CHANGZHOU INTER UNIVERSAL MACHINE & EQUIPMENT CO., LTD., | : |
| | : |
| Counterclaim and Third-Party Respondents, | : |
| and | : |
| | : |
| FRICTIONLESS, LLC, | : |
| | : |
| Nominal Claimant, Nominal Respondent, Nominal Counter-Claimant, & Nominal Third-Party Claimant. | : |

**AGREED PROPOSED PROCEDURAL TIMETABLE**

| Step | Description | Date |
|------|-------------|------|
| 1. | Preliminary Conference Call with Tribunal and Parties. | September 6, 2019 |

- 1 -

| Step | Description | Date |
|---|---|---|
| 2. | Parties submit agreed-upon Protective Order to the Tribunal. | September 20, 2019 |
| 3. | a. Claimant/Third-Party Respondents File Their Amended/Detailed Demand for Arbitration; and <br><br> b. Respondents/Counterclaimants File Their Amended/Detailed Counterclaims. | October 4, 2019 |
| 4. | Parties to serve Initial Document Requests. | October 11, 2019 |
| 5. | a. Parties file Detailed Answer and/or Objections to Amended Demand and/or Counterclaims; <br><br> b. Parties to identify their custodians believed to have non-duplicative ESI or other documents relevant to the claims or defenses that should be produced in discovery, with the Parties agreeing that each side shall **not** be required to produce ESI or other documents from more than six (6) such custodians; and <br><br> c. Parties to mutually exchange search terms. | October 18, 2019 |
| 6. | Parties to meet and confer, if necessary, regarding search terms and custodians. | October 25, 2019 |
| 7. | Simultaneous exchange of any objections to Initial Document Requests and rolling production of documents in response to Initial Document Requests that are not in dispute begins. | November 11, 2019 |
| 8. | Parties to meet and confer, if necessary, regarding any objections to Initial Document Requests or other document production disputes. | November 18, 2019 |
| 9. | a. Deadline for submitting any application to the Tribunal for leave to move to compel relating to any Initial Document Requests; and <br><br> b. Deadline for submitting any Supplemental Document Requests. | November 22, 2019 |
| 10. | Briefing and/or Hearing on any motion to compel relating to Initial Document Requests. | December 2 – December 13, 2019 |
| 11. | Tribunal's anticipated decision on any motion to compel relating to Initial Document Requests. | December 23, 2019 |

| Step | Description | Date |
|---|---|---|
| 12. | a. Simultaneous exchange of any objections to Supplemental Document Requests and rolling production of documents in response to Supplemental Document Requests that are not in dispute begins; and<br><br>b. Parties to identify witnesses (whether party or non-party) to be deposed, with each side being permitted to depose up to eight (8) witnesses, each for no more than seven (7) hours of testimony total; provided, however, that: (i) no Party is required to depose that many witnesses; and (ii) the Parties agree to make reasonable best efforts to take depositions remotely via telephonic or videoconference means, where feasible. | December 30, 2019 |
| 13. | Parties to meet and confer, if necessary, regarding: (i) any objections to Supplemental Document Requests or other document production disputes; (ii) scheduling depositions; and/or (iii) if necessary, any deponent disputes. | January 6, 2020 |
| 14. | a. Deadline to produce all documents responsive to Initial Document Requests, including any documents ordered by the Tribunal to be produced in response to a motion to compel relating to Initial Document Requests; and<br><br>b. Deadline for submitting any application to the Tribunal for leave to: (i) move to compel relating to Supplemental Document Requests; and (ii) address any deponent or other document production disputes. | January 10, 2020 |
| 15. | Briefing and/or Hearing on any motion to compel relating to Supplemental Document Requests, deponent issues, and/or other document production disputes, if ordered by the Tribunal. | January 13-24, 2020 |
| 16. | Deadline to produce all documents in response to Supplemental Document Requests and not in dispute. | January 24, 2020 |
| 17. | Tribunal's anticipated decision on any motion relating to Supplemental Document Requests, deponent issues, and/or other document production disputes. | January 31, 2020 |

| Step | Description | Date |
|------|-------------|------|
| 18. | Deadline to produce all documents ordered by the Tribunal to be produced in response to a motion to compel Supplemental Document Requests.  This will conclude the production of documents. | February 18, 2020 |
| 19. | Deadline for completing all fact discovery, including any depositions. | April 3, 2020 |
| 20. | Deadline for submitting any application to the Tribunal for leave to file a dispositive motion. | April 10, 2020 |
| 21. | Briefing and/or Hearing on any dispositive motions, if ordered by the Tribunal. | April 13 – May 11, 2020 |
| 22. | Tribunal's anticipated decision on dispositive motions, if any. | May 20, 2020 |
| 23. | a.  Deadline for parties to agree to Stipulation of Facts Not in Dispute for Hearing, if any; and<br><br>b.  Deadline for submitting any application to the Tribunal for leave to serve Requests for Admission, if:  (i) the Parties cannot agree to stipulate to certain facts; and (ii) one Party believes those facts cannot reasonably be disputed for purposes of the Hearing. | May 26, 2020 |
| 24. | a.  Claimant/Third-Party Respondents File Their Statement of Claim with all supporting evidence and legal analysis, including Fact Witness Statements, Expert Witness Reports, supporting documents and all legal authorities relied upon; and<br><br>b.  Respondents/Counter-Claimants File Their Statement of Counterclaim with all supporting evidence and legal analysis, including Fact Witness Statements, Expert Witness Reports, supporting documents and all legal authorities relied upon. | June 1, 2020 |

| Step | Description | Date |
|------|-------------|------|
| 25. | a. Respondents File Their Statement of Defense to Claimant's/Third-Party Respondents' Claims, with all supporting evidence and legal analysis, including any Rebuttal Fact Witness Statements, Rebuttal Expert Witness Reports, supporting documents and all legal authorities relied upon; and<br><br>b. Claimant/Third-Party Respondents File Their Statement of Defense to Respondents' Counterclaims, with all supporting evidence and legal analysis, including any Rebuttal Fact Witness Statements, Rebuttal Expert Witness Reports, supporting documents and all legal authorities relied upon. | June 22, 2020 |
| 26. | a. Exchange and submission of witness lists, including witnesses actually anticipated to be called at Hearing for direct and cross examination; provided, however, that the parties agree that:  (i) any direct examination at the Hearing will be limited only to:  (x) party witnesses or (y) third-party witnesses appearing pursuant to subpoena issued by the Tribunal; and (ii) any direct examination of such witnesses shall not exceed one hour of direct testimony per witness.<br><br>b. Parties to exchange list of proposed exhibits, including certified translations of any proposed exhibits in a foreign language. | June 26, 2020 |
| 27. | a. Deadline for seeking any subpoena from the Tribunal relating to third-party witness attendance at the Hearing.<br><br>b. Deadline for filing objections to proposed exhibits on privilege or authenticity grounds. | June 30, 2020 |
| 28. | a. Pre-Hearing Conference Call, if necessary.<br><br>b. Tribunal's anticipated decision on objections to proposed exhibits on privilege or authenticity grounds. | July 3, 2020 |

| Step | Description | Date |
|------|-------------|------|
| 29. | a. Notice of order in which fact and expert witnesses will be called for examination; <br><br> b. Disclosure of demonstratives to be used at Hearing; and <br><br> c. Deadline for transmitting to the Tribunal a consolidated exhibit list, with the Parties agreeing that they are limited at the Hearing to using only those exhibits included in the consolidated exhibit list; provided, however, that the Parties may introduce new and/or additional exhibits, if necessary, solely for purposes of impeachment during cross-examination at the Hearing. | July 8, 2020 |
| 30. | Hearing. | July 13-17, 2020 |
| 31. | Post-Hearing Briefs. | To be determined at the Hearing |
| 32. | Further Matters, including Cost Submissions. | To be determined at the Hearing |

So ORDERED this _____ day of _____, 2019.

BY THE TRIBUNAL:

_____

# Exhibit 23

| | |
|---|---|
| **From:** | David Huebner |
| **To:** | Kanner, Brian D.; bstevart@thguardlaw.com; Cohen, Larry A.; ckorsat@theguardlaw.com; Hiram, Deborah; thmarsh@theguardlaw.com; Haddox, Padro D.; scrandle@thomasbar.com; phenton1@thomasbar.com; McVahoch, Austin E. |
| **Cc:** | Elizabeth Robertson, Esq.; elrquadler@consultwest.com; ellsher@estjian.tllsuredepot.com; bchansky@cloumedmail.com |
| **Subject:** | PROC. ORDER No. 3 -- Changzhou Zhong Lian Investment Co. Ltd. v. Daniel Banjo, et al. -- Case 01-19-0001-1748 |
| **Date:** | Sunday, September 29, 2019 3:20:51 PM |
| **Attachments:** | Procedural Order No. 3.pdf<br>Joint Stipulated Protective Order September 23 2019 1.pdf |

External sender

Counsel,

    Thank you for your diligent, comprehensive, and effective response to the Tribunal's meet and confer directions.  Much appreciated.

    Attached please find Procedural Order No. 3 issued by the Tribunal in response to your recent joint submission.

    Best regards,

    DH

_____
**Amb. (r.) David Huebner, C.Arb**
Arbitrator

Case Manager: Ms. Anne Lieu
JAMS
555 W. 5th Street, 32nd Floor
Los Angeles, CA 90013
Tel: +1-213-5670-1137
Fax: +1-213-620-1155
david@huebner.org

https://www.adr.org/david-huebner
cbhuebner.org/mailto:david-ic_=D95172c6Al_Ofl9de6cec31d0 D-0646f07d9w7hrtce=ChaicEwAbdy/2dbUnsewacpHDMsv_ENPAudnmcsmjPalWM_3EGoTurcrwEX5?LLfUKwtd9EolrdNLrdLEhsot=aX6GPrEntscPQNs5...<br>htttv=rLic_bbni_nDWS_stetnyruxNQ07eax3-31_5WV37eew3G=0vad3axt1_2Q6csmpb5Gvw9=Drt_1B6y90?_a1P9_n8vZny5FnzJvw-tEOempb8Ec_TtPB6CwaSsm2cS2PaCtbnxkdmrc5s3dGsCEDcSewWr1luebmd1b0daptc_com

ICDR Case No. 01-19-0001-1748

**Changzhou Zhong Lian Investment Co. Ltd. (a/k/a Z.L. Investment)**
**vs.**
**Daniel Banjo, individually, et al.**

**PROCEDURAL ORDER NO. 3**

The Tribunal having directed counsel to meet and confer on certain issues on behalf of the Parties; and counsel having advised the Tribunal by correspondence dated September 26, 2019 of agreements reached by the Parties with respect to said issues;

*The Tribunal hereby confirms the agreement of the Parties and/or orders as follows:*

1. **Procedural Timetable:**

| Date | Description |
|---|---|
| October 4, 2019 | a. Claimant/Third-Party Respondents to file Amended/Detailed Demand for Arbitration<br><br>b. Respondents/Counterclaimants to file Amended/Detailed Counterclaims |
| October 11, 2019 | Parties to serve Initial Document Requests |
| October 18, 2019 | a. Parties to file Detailed Answer and/or Objections to Amended Demand and/or Counterclaims<br><br>b. Parties to identify their custodians believed to have non-duplicative electronically stored information ("ESI") or other documents relevant to the claims or defenses that should be produced in discovery; each side shall not be required to produce ESI or other documents from more than six (6) such custodians<br><br>c. Parties to exchange ESI search terms |
| October 25, 2019 | Parties to meet and confer, if necessary, regarding ESI search terms and custodians |

1

| November 11, 2019 | a. Simultaneous exchange of any objections to Initial Document Requests<br><br>b. Rolling production of documents to begin in response to Initial Document Requests that are not in dispute |
|---|---|
| November 18, 2019 | Deadline for the Parties to meet and confer, if necessary, regarding any objections to Initial Document Requests or other document production disputes |
| November 22, 2019 | a. Deadline for submitting any application to the Tribunal for leave to file motion to compel relating to any Initial Document Requests<br><br>b. Deadline for submitting any Supplemental Document Requests |
| December 30, 2019 | a. Simultaneous exchange of any objections to Supplemental Document Requests<br><br>b. Rolling production of documents to begin in response to Supplemental Document Requests that are not in dispute<br><br>c. Exchange of lists of witnesses (whether party or nonparty) sought to be deposed<br><br>Note:  The Parties have agreed and the Tribunal orders that each side shall be permitted to depose up to eight (8) witnesses, each for no more than seven (7) hours of testimony total; provided, however, that (i) no Party is required to depose that many witnesses and (ii) the Parties agree to make reasonable best efforts to take depositions remotely via telephonic or videoconference means, where feasible. |
| January 6, 2020 | Deadline for the Parties to meet and confer, if necessary, regarding (i) any objections to Supplemental Document Requests, (ii) any other document production disputes; (iii) scheduling of depositions; and/or (iv) if necessary, any deponent disputes |
| January 10, 2020 | a. Deadline to produce all documents responsive to Initial Document Requests, including any documents ordered by the Tribunal to be produced in response to a motion to compel relating to Initial Document Requests<br><br>b. Deadline for submitting any application to the Tribunal for leave to (i) make a motion to compel relating to Supplemental Document Requests and (ii) make any other motion related to any deponent or other document production dispute |

2

| January 24, 2020 | Deadline to produce all documents in response to Supplemental Document Requests that are not in dispute |
|---|---|
| February 18, 2020 | Deadline to produce all documents ordered by the Tribunal to be produced in response to any motion to compel Supplemental Document Requests |
| March 2020 | Telephonic status conference with the Tribunal; date to be determined |
| April 3, 2020 | Deadline for completing all discovery, including any depositions |
| April 10, 2020 | Deadline for submitting any application to the Tribunal for leave to file a dispositive motion |
| May 26, 2020 | a.  Deadline for submission of any joint statement of Stipulation of Facts Not in Dispute for Hearing<br><br>b.  Deadline for submission of any application to the Tribunal for leave to serve Requests for Admission if (i) the Parties cannot agree to stipulate to certain facts and (ii) one Party believes those facts cannot reasonably be disputed for purposes of the Hearing |
| June 1, 2020 | a.  Claimant/Third-Party Respondents to file their Statement of Claim with all supporting evidence and legal analysis, including Fact Witness Statements, Expert Witness Reports, supporting documents, and all legal authorities relied upon<br><br>b.  Respondents/Counter-Claimants to file their Statement of Counterclaim with all supporting evidence and legal analysis, including Fact Witness Statements, Expert Witness Reports, supporting documents, and all legal authorities relied upon |
| June 22, 2020 | a.  Respondents to file their Statement of Defense to Claimant's/Third-Party Respondents' Claims, with all supporting evidence and legal analysis, including any Rebuttal Fact Witness Statements, Rebuttal Expert Witness Reports, supporting documents, and all legal authorities relied upon<br><br>b.  Claimant/Third-Party Respondents to file their Statement of Defense to Respondents' Counterclaims, with all supporting evidence and legal analysis, including any Rebuttal Fact Witness Statements, Rebuttal Expert Witness Reports, supporting documents, and all legal authorities relied upon |

| June 26, 2020 | a. Exchange and submission of lists of witnesses actually anticipated to be called at the Hearing for direct and/or cross examination<br><br>b. Parties to exchange list of proposed exhibits to be introduced at the Hearing, including certified translations of any proposed exhibits in a foreign language<br><br>Note: The Parties have agreed and the Tribunal orders that (i) any direct examination at the Hearing will be limited to party witnesses or to third-party witnesses appearing pursuant to subpoena issued by the Tribunal and (ii) any direct examination of such witnesses shall not exceed one hour of direct testimony per witness and shall be confined to the scope and substance of the witness statements submitted. |
|---|---|
| June 30, 2020 | a. Deadline for seeking any subpoena from the Tribunal relating to third-party witness attendance at the Hearing<br><br>b. Deadline for filing objections to proposed exhibits on privilege or authenticity grounds |
| July 3, 2020 | Pre-Hearing conference call with the Tribunal |
| July 8, 2020 | a. Parties to notify Tribunal of the order in which fact and expert witnesses will be called for examination<br><br>b. Disclosure of demonstratives to be used at Hearing<br><br>c. Deadline for transmitting to the Tribunal a consolidated exhibit list and a complete set of exhibits in electronic form<br><br>Note: The Parties have agreed and the Tribunal orders that the Parties are limited at the Hearing to using only those exhibits included in the consolidated exhibit list; provided, however, that the Parties may introduce new and/or additional exhibits, if necessary, solely for purposes of impeachment during cross-examination at the Hearing. |
| July 13-17, 2020 | The Hearing |

//

//

2.      **Confidentiality Agreement / Protective Order:**

The Joint Stipulated Protective Order previously submitted by the Parties was revised and executed by the Tribunal on September 23, 2019.  The joint letter from counsel for the Parties dated September 26, 2019 confirmed that said Order as revised by the Tribunal is now in effect in this arbitration.  A copy thereof is attached hereto.  Counsel are requested to forward to the Tribunal a fully executed copy of said Order.

3.      **March 2020 Status Conference:**

The Tribunal sees value in scheduling a telephonic status conference in March 2020 for the purpose of checking status of pre-Hearing activity and discussing Hearing preparations. Counsel are requested to meet, confer, and agree on a date and time in March 2020 for a call with the Tribunal of up to one hour in length.  The Tribunal notes that it is currently available on the following dates:  *March 3-5, 9-10, 18*.

This order shall continue in effect unless and until amended by subsequent order of the Tribunal.

Dated:  September 29, 2019

_____
Amb. (ret.) David Huebner
On behalf of the Tribunal

# Exhibit 24

| | |
|---|---|
| **From:** | Koosed, Brian D. |
| **To:** | Robertson, Ann; JohnsJ@adr.org |
| **Cc:** | thoward@thowardlaw.com; Haddox, Kodey M.; Meyers, Deborah; wcgroh@thowardlaw.com; McCullough, Austin E.; Olayinka Hamza (ohamza@thowardlaw.com) |
| **Subject:** | Changzhou Zhong Lian Investment Co. Ltd. v. Daniel Banjo, individually; - Case 01-19-0001-1748 |
| **Date:** | Monday, June 24, 2019 8:47:23 PM |
| **Attachments:** | image001.png<br>ICDR Submission Agreement -- CIU and ZL Investment.pdf<br>ICDR Submission Agreement -- Li Zhixiang.pdf |

Arbitrator Robertson and Mr. Johns,

Pursuant to the Emergency Arbitrator's Procedural Order No. 1, attached please find the ICDR submission agreements signed by Claimant Z.L. Investment and Third-Party Respondents CIU and Li Zhixiang in the referenced matter.

Mr. Johns, please also add my associate, Austin McCullough (copied), to the correspondence list for this matter going forward.  Thank you.


BDK





Brian D. Koosed
Partner
K&L Gates LLP
1601 K Street, NW
Washington, D.C.  20006
Tel   202.778.9204
Fax  202.778.9100

and

599 Lexington Ave.
New York, New York 10022
Tel  212.536.4891
Fax 212.536.3901
brian.koosed@klgates.com





Consider the environment. Think before you print!



International Centre
for Dispute Resolution

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
*The International Division of the American Arbitration Association*

## SUBMISSION TO DISPUTE RESOLUTION

The named parties hereby submit the following dispute for resolution, under the rules of the International Centre for Dispute Resolution:

| Rules Selected: | ☐ International Dispute Resolution Procedures |
| | ☒ Commercial Arbitration Rules and Mediation Procedures (AAA) |
| | ☐ Procedures for Cases under the UNCITRAL Arbitration Rules |
| | ☐ Other (please specify) |

| Procedure Selected: | ☒ Binding Arbitration | ☐ Early Neutral Evaluation |
| | ☐ Fact-Finding | ☐ Mediation |
| | ☐ Mini-Trial | ☐ Other (please specify) |

**Nature of Dispute** (attach additional sheets if necessary): Claim involves damages, attorneys fees, costs, a statutory Puni-Respondents for fraud, and civil conspiracy, breach of contract, breach of fiduciary duties, and other misconduct as described in the attached Demand for Arbitration

**Amount of Monetary Claim or Nature of Non-Monetary Claim:**  Unspecified Monetary Claim

**Type of Business: Claimant**  Investment Entity    **Respondent**  Equipment Wholesaler

**Place of Hearing:**  Denver, Colorado

We agree that if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

*To be completed and signed by all parties:*

| | |
|---|---|
| Changzhou Zhong Lian Investment Co. Ltd. (a/k/a Z.L. Investment) | Changzhou Inter Universal Machine & Equipment Co., Ltd. |
| Name of Party | Name of Party |
| Wujin High-Tech District | Wujin High-Tech District |
| Address | Address |
| Changzhou City | Changzhou City |
| City, State/Province, Country, Post Code | City, State/Province, Country, Post Code |
| Jiangsu Province, China | Jiangsu Province, China |
| Telephone            Facsimile | Telephone            Facsimile |
| Brian D. Koosed | Brian D. Koosed |
| Name of Party's Attorney or Representative | Name of Party's Attorney or Representative |
| K&L Gates, LLP | K&L Gates LLP |
| Name of Firm (if applicable) | Name of Firm (if applicable) |
| 1601 K Street, NW | 1601 K Street, NW |
| Address | Address |
| Washington, DC 20006 | Washington, DC 20006 |
| City, State/Province, Country, Post Code | City, State/Province, Country, Post Code |
| P  +1 202 778 9204    F  +1 202 778 9100 | P  +1 202 778 9204    F  +1 202 778 9100 |
| Telephone            Facsimile | Telephone            Facsimile |
| Signed (may be signed by a representative): | Signed (may be signed by a representative): |
| General Manager          6/24/2019 | CEO               6/24/2019 |
| Title                    Date | Title                    Date |

*Please file two signed copies and the non-refundable filing fee with the ICDR at Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043 (email: casefiling@adr.org)*

*For additional information, please contact us at 1 800 822 9515 or +1 212 484 4181 or visit our website at www.icdr.org.*

 International Centre for Dispute Resolution

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
*The International Division of the American Arbitration Association*

## SUBMISSION TO DISPUTE RESOLUTION

The named parties hereby submit the following dispute for resolution, under the rules of the International Centre for Dispute Resolution.

| Rules Selected: | ☐ International Dispute Resolution Procedures |
| | ■ Commercial Arbitration Rules and Mediation Procedures (AAA) |
| | ☐ Procedures for Cases under the UNCITRAL Arbitration Rules |
| | ☐ Other (please specify): |

| Procedure Selected: | ■ Binding Arbitration | ☐ Early Neutral Evaluation |
| | ☐ Fact-Finding | ☐ Mediation |
| | ☐ Mini-Trial | ☐ Other (please specify) |

**Nature of Dispute** (attach additional sheets if necessary) *Claims cover damages, attorney's fees, costs, and more that the Respondents (Brian D. Koosed),*
conspiracy, breach of contract, breach of fiduciary duties, and other misconduct as described in the attached Demand for Arbitration

**Amount of Monetary Claim or Nature of Non-Monetary Claim:** Unspecified Monetary Claim

**Type of Business: Claimant** Investment Entity **Respondent** Equipment Wholesaler

**Place of Hearing:** Denver, Colorado

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

*...to be completed and signed by all parties*

| Li Zhixiang | |
|---|---|
| Name of Party | Name of Party |
| Wujin High-Tech District, | |
| Address | Address |
| Changzhou City | |
| City, State/Province, Country, Post Code | City, State/Province, Country, Post Code |
| Jiangsu Province, China | |
| Telephone          Facsimile | Telephone          Facsimile |
| Brian D. Koosed | |
| Name of Party's Attorney or Representative | Name of Party's Attorney or Representative |
| K&L Gates, LLP | |
| Name of Firm (if applicable) | Name of Firm (if applicable) |
| 1601 K Street, NW | |
| Address | Address |
| Washington, DC 20006 | |
| City, State/Province, Country, Post Code | City, State/Province, Country, Post Code |
| P: +1 202 778 9204    F: +1 202 778 9100 | |
| Telephone          Facsimile | Telephone          Facsimile |
| Signed* (must be signed by a representative) | Signed* (may be signed by a representative) |
| *19 6 . 2 🖊* | |
| Title                    Date | Title                    Date |

Please file four original copies and five books available along with any further fee. If APR at Case 1 along Scenarios, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043, USA.

For additional information, please contact us at 1.888.852.2577 or + 1.212.484.4181 or visit our website at www.icdr.org.

# Exhibit 25

Cases – Schaner Dispute Resolution LLC

*Schaner Dispute Resolution LLC*



Home / Cases
Cases

Mr. Schaner's cases have involved a wide variety of substantive areas of the law including antitrust, bankruptcy, civil racketeering, commercial law, contracts, employment, government contracts, False Claims Act, fraud, insurance coverage, intellectual property, securities, shareholder class action, tax and tort. Many of his matters have concerned claims for very substantial monetary and other relief and featured high levels of legal and factual complexity.

### Representative Matters – As Arbitrator

Chair of an ICC arbitration between Singapore distributor and US software products supplier involving claimed wrongful termination of exclusive distribution agreement.

Emergency arbitrator in an ICC arbitration involving requested injunction to prevent forfeiture of an interest in a joint venture concerning a natural resource development project in West Africa.

Co-arbitrator in an AAA arbitration under its international rules between US and Dutch parties concerning a $50 million supply chain dispute.

Chair of an ICDR arbitration between a US company and a French company and its affiliates involving antitrust and breach of contract claims in the aviation industry.

Co-arbitrator in a non-administered arbitration under the UNCITRAL rules between Japanese and Taiwanese parties involving a patent license agreement.

Co-arbitrator in an ICC arbitration involving an equipment purchase dispute in the mining industry.

Chair of a non-administered arbitration under the UNCITRAL rules between financial industry professionals and a private equity firm regarding the sale of a company in Mexico.

Chair of an ICDR arbitration between US and Asian-based entities involving claims in excess of $30 million for royalties and other payments under franchise and development agreements pertaining to consumer

Cases – Schaner Dispute Resolution LLC

electronics stores in Southeast Asia.

Sole arbitrator in an ICDR arbitration under the AAA commercial rules between Canadian and U.S. parties involving ownership of patent applications and other intellectual property in the biofuels industry.

Chair of a KCAB arbitration between Austrian and Korean parties concerning a contract for the sale and purchase of manufacturing equipment.

Sole arbitrator in an ICDR arbitration between BVI insurer and US policyholder for amounts claimed due following cancellation of insurance policy and reinsurance participation agreement.

Co-arbitrator in an AAA arbitration between seller and purchaser of a New York hazardous waste treatment and storage facility involving a claim to enforce a settlement agreement.

Sole arbitrator in an ICC arbitration involving claims in excess of $70 million arising from the termination of an exclusive sales and distribution agreement.

Sole arbitrator in an ICDR arbitration between US military subcontractor and U.S. supplier and supplier's German parent, seeking damages resulting from the sale of allegedly counterfeit computer chips.

Chair of an AAA arbitration between a major European telecommunications equipment and services supplier and a Western US cell phone and internet services provider involving a contract for the sale of equipment and services to upgrade a wireless network.

Co-arbitrator in an ICC arbitration involving high value claims arising under a joint venture agreement.

Chair of an ICDR arbitration between Japanese and US parties relating to a $150 million claim arising under a contract for the supply of printing press equipment.

Chair of an AAA arbitration under its international rules between a former chairman of the board and persons and entities in France, Cayman Islands, England, Hong Kong and the US involving claims arising out of the termination of an employment agreement.

Sole arbitrator in an AAA arbitration under its employment rules between an Indiana manufacturer, a Bahraini company and the manufacturer's former president and CEO involving claims for compensation and benefits under an employment agreement.

Sole arbitrator in an UNCITRAL arbitration administered by the ICDR between a US auto manufacturer and a foreign dealer involving the termination of a dealer agreement.

Co-arbitrator in a non-administered arbitration between policyholder and insurer involving claims for $15 million policy limit under a D&O insurance policy.

Chair of an AAA arbitration concerning the termination of medical equipment supply contracts.

Co-arbitrator in an ICDR arbitration between a US contractor and a Vietnamese supplier of components used in the construction of a power plant.

Co-arbitrator in an AAA arbitration between North Carolina distributor/broker and Illinois supplier involving claims under distribution and representation agreements for unpaid commissions and other damages.

Chair of a non-administered arbitration under the CPR rules involving claims relating to alleged global price-fixing, bid-rigging, and customer and market allocation conspiracy.

Chair of an ICDR arbitration between British and US parties concerning the termination of a distribution agreement.

Sole arbitrator in an ICDR arbitration involving claim by Wisconsin company against Chinese manufacturer alleging defective supply of products used in highway construction.

Sole arbitrator in an ICC arbitration concerning an agreement for consulting services, including alleged failures to pay, and breaches of non-compete and confidentiality agreements.

Co-arbitrator in an SCC arbitration between US and Russian parties involving a long-term management contract.

Chair of an ICDR arbitration between Canadian and US parties involving a subcontract for the development, testing and supply of technology for US Air Force jets and helicopters.

Co-arbitrator in ICC arbitration between US and Spanish parties involving contract for the design and supply of part of a solar power facility.

## Representative Matters – As Counsel

European subsidiary of a US corporation in defense of a $175 million claim in an ICC arbitration in Geneva for rescission by an Asian municipality of a purchase and sale agreement.

Singapore-based hotel management company against hotel owner in an ICC arbitration in Miami relating to the attempted termination of a long-term contract for the management of a luxury hotel. The matter was designated by Law360 as one of the "biggest hospitality cases of 2014."

Fortune 100 corporation in defense of $1 billion claim filed in bankruptcy adversary proceeding in South Carolina for breach of contract, fraud and misrepresentation arising out of the sale of a facility designed to manufacture liquefied natural gas containment systems.

Computer-manufacturer in securities fraud class action in which plaintiffs sought damages in excess of $100 million.

Cases – Schaner Dispute Resolution LLC

US munitions manufacturer against Israeli defense contractor in LCIA arbitration in London involving breach of contract claims in excess of $50 million.

Manufacturer of nuclear submarines in action valued at more than $100 million against London insurers for coverage under aggregate excess insurance policies providing coverage for workers' compensation losses.

US defense contractor in False Claims Act case involving $4 billion claim that defense contractor had defrauded the U.S. Navy and Congress in connection with an award of a contract for a Seawolf class nuclear attack submarine.

German company in obtaining stay of Ohio court action brought by Ohio companies relating to technology licensing agreement, pending DIS arbitration in Germany; confirmation in US of award in favor of client.

Cayman Islands corporation and Norwegian individual in confirmation of $23 million arbitration award in US district court in Chicago against California-based company, in patent infringement case.

US defense contractor in defense of claims by inventors of Stinger missile technology seeking more than $25 million for alleged breach of invention agreements in relation to foreign military sales.

US corporation in obtaining more than $500 million in recoveries in tax court litigation concerning whether client was entitled to research and development tax credit for work on military and space programs, and concerning accounting methodology with respect to multi-year contract for manufacture of F-16 jet fighters.

Defense contractor in long-running dispute regarding decision of the U.S. government to terminate a multi-billion contract for the development of the A-12 carrier-based, stealth attack aircraft.

Defense of class action in California state court by corporate employees for share of proceeds of $450 million sale of missile business.

US subsidiary of Japanese consumer electronics supplier in defense of claims by former Latin American distributor in ICDR arbitration in New York.

Wyoming natural gas producer in dispute with pipeline company involving antitrust, breach of contract and tortious interference claims.

Movie theatre chain in action to recover funds embezzled in connection with a $100 million movie theatre expansion program involving construction projects at multiple locations around the United States.

Northwest Airlines in defense of $100 million breach of contract claim by Midway Airlines in a bankruptcy adversary proceeding.

Austrian company in ICC arbitration in Geneva under Swiss law for specific performance of a settlement agreement.

Irish architectural firm in confirmation of Irish arbitration award against Illinois corporation relating to dispute

Cases – Schaner Dispute Resolution LLC

regarding development of medical care facilities.

Trucking company in ad hoc arbitration in New York against insurance company relating to premium payments.

Purchaser in ICC arbitration in Hong Kong relating to failed multi-billion dollar acquisition agreement.

US manufacturer in suit against foreign competitor and former president for theft of trade secrets.

Telecommunications equipment manufacturer in major Sherman Act antitrust case; settlement in favor of client shortly before trial for more than $125 million.

Multiple clients in separate proceedings to obtain discovery in the United States pursuant to 28 U.S.C. § 1782 for use in foreign legal proceedings, in, for example, England, Germany, and Switzerland.

© 2017 Schaner Dispute Resolution. All Rights Reserved.