| | |
|---|---|
| **From:** | Koosed, Brian D. |
| **To:** | Elizabeth Robertson, Esq.; Olayinka Hamza; Haddox, Kodey M.; Scott Brenner; Meyers, Deborah; McCullough, Austin E.; William Groh; Gehm, Lacey A.; Brenda O"Brien; Thomas P. Howard |
| **Subject:** | RE: ZL Investment v. Banjo et al - Case 01-19-0001-1748: Objection to Arbitrator Appointment |
| **Date:** | Thursday, August 8, 2019 10:06:51 AM |
| **Attachments:** | image001.png |

Ms. Robertson,

On behalf of Claimant, we note two quick points in response to Mr. Howard's email of last night:

*First*, Mr. Howard's statements -- that Respondent Frictionless World LLC is "suffering from severe financial distress" and that it "has lost the majority of its clients" -- are the same kinds of allegations that Respondents made in support of their Emergency Motion for Preliminary Injunction.  In denying that Motion, Emergency Arbitrator Robertson repeatedly noted that these claims by Respondents were completely unsubstantiated by any documentary evidence.  The same holds true now, particularly given our clients' understanding that Frictionless World LLC continues to make payments to its suppliers as usual.  Emergency Arbitrator Robertson rightly would not accept Respondents' dire predictions about Frictionless World's business simply on Respondents' "say so" in connection with the Emergency Motion; the AAA/ICDR similarly should not do so now in connection with Mr. Huebner's appointment.

*Second*, even if Respondents' predictions are accurate -- and Frictionless World LLC actually does file for Chapter 11 bankruptcy in the near future -- Respondents' complaints about Mr. Huebner's rate still miss the mark.  In such event, it will be the Bankruptcy Court -- not the AAA/ICDR -- that will determine whether this arbitration goes forward and, if so, what rates are appropriate to be paid by Frictionless World LLC.  Specifically, if a bankruptcy filing were made, the Bankruptcy Court would have to:  (i) lift the Bankruptcy Code's automatic stay to permit this arbitration to go forward; and (ii) further approve any arbitrator (and attorneys' fee) expenditures by Frictionless World LLC, regardless of the rate charged by that arbitrator (or attorney).  Respondents' raising the issue of a potential future bankruptcy filing -- which may not even happen -- is thus premature and in no way justifies rejecting the appointment of a qualified arbitrator like Mr. Huebner, who has been duly chosen by the parties' appointed arbitrators in accordance with the parties' arbitration agreement.

In sum, Respondents' claims of an imminent bankruptcy filing by Frictionless World LLC present the quintessential case of "crossing that bridge when we come to it."  If a bankruptcy does occur, the Bankruptcy Court will address all of these issues in due course.  And if, at that time, discussions need to be had between the parties to ensure that the arbitration continues to proceed irrespective of fee concerns, Claimant and Third-Party Respondents will be more than willing to engage in good-faith discussions on that topic.  But, for now, Mr. Huebner's appointment should be confirmed and the parties should -- at long last -- be allowed to proceed to the merits of their dispute.

Thank you for your consideration.


Respectfully submitted,


BDK

**EXHIBIT A**