# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) Case No. 19-18459 MER |
| | ) |
| Frictionless World, LLC | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| Frictionless World, LLC, | ) |
| | ) |
| | ) Adversary Proceeding No. 19-01282 MER |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Frictionless, LLC; Changzhou Inter Universal Machine & Equipment Co., Ltd.; Li Zhixiang; Changzhou Zhong Lian Investment Co., Ltd.; Serena Li; and Frank Li, | ) |
| | ) |
| Defendants. | |

## MOTION OF DEFENDANTS MINGSU LI AND JUN LI TO WITHDRAW AUTOMATIC REFERENCE TO THE BANKRUPTCY COURT, JURY DEMAND, AND RESERVATION OF RIGHTS

Defendants Mingsu Li, a/k/a Serena Li, and Jun Li, a/k/a Frank Li (collectively, "Mr. and Mrs. Li"), enter a special appearance in this case through their undersigned counsel and, subject to their reservation of all rights set forth below, respectfully request the United States District Court for the District of Colorado to enter an order withdrawing the automatic reference of this action to the United States Bankruptcy Court for the District of Colorado, solely with respect to them and to the claims asserted against them by the Debtor-Plaintiff, Frictionless World, LLC (the "Debtor"), under D.C.Colo.L.Civ.R. 84.1(a) and L.B.R. 5011-1. In support of their motion to withdraw the automatic reference (the "Motion"), Mr. and Mrs. Li state as follows:

Active/50946640.1

### Jury Demand

Mr. and Mrs. Li, in accordance with Fed.R.Bankr.P. 9015 and Fed.R.Civ.P. 38, hereby demand a jury on all issues so triable in this case.  This Jury Demand is filed without prejudice to, subject to, and while reserving all rights, as set forth below, under both this Motion, of which this Jury Demand is a part, and that certain Special Objection to the Debtor's Motion Authorizing Alternative Forms of Service on Defendants Mingsu Li and Jun Li (the "Special Objection"), filed contemporaneously herewith.  Mr. and Mrs. Li do not consent to a jury trial in the Bankruptcy Court.  Mr. and Mrs. Li also do not consent to entry of a final judgment by the Bankruptcy Court.

### Notice of Special Appearance and Reservation of All Rights

Mr. and Mrs. Li have entered a special appearance in this case, through their undersigned counsel, for the sole purposes of filing and prosecuting the Special Objection and this Motion (collectively, the "Special Documents"), to avoid a potential waiver of their ability to preserve and assert their rights and obtain the relief set forth in the Special Documents.  In filing the Special Documents, Mr. and Mrs. Li expressly reserve all defenses, including but not limited to, lack of service of process, lack of personal or subject matter jurisdiction, *forum non conveniens*, and any other defenses available to them under Fed.R.Civ.P. 12 or other applicable law.  Nothing in this Motion shall constitute or be construed as a waiver of any such rights or defenses available to Mr. and Mrs. Li.

### Record for This Motion

In accordance with L.B.R. 5011-1(a), the record for this Motion consists of the Motion and Exhibits A-I attached hereto, which are incorporated herein by reference, along with any response filed by the Debtor and any reply in support of the Motion filed by Mr. and Mrs. Li.

**Procedural Background for This Motion**

1. The Debtor filed its above-captioned bankruptcy case (the "Case") under Chapter 11 of the Bankruptcy Code (the "Code") on September 30, 2019 (the "Petition Date"). The Debtor continues to operate its business as a debtor-in-possession.

2. The Debtor initiated the above-captioned adversary proceeding (the "Adversary Proceeding") by filing its Complaint (the "Complaint" [Docket No. 1], a copy of which is attached hereto as Exhibit A) for Turnover of Property of the Estate, Claim Disallowance, Avoidance, Damages, and Injunctive Relief on October 9, 2019. In addition to Mr. and Mrs. Li, the Complaint names the four other defendants (the "Other Defendants," and collectively with Mr. and Mrs. Li, the "Defendants") listed in the above caption.

3. Prior to the Petition Date, the Other Defendants, the Debtor, and its principal, Daniel Banjo, were parties to an arbitration that arose out of the same transactions and facts as the claims asserted in the Complaint, and many of the claims asserted in the Complaint duplicate the claims that the Debtor and/or Banjo asserted, or would have asserted, in the arbitration. Accordingly, the Other Defendants filed several documents in this Adversary Proceeding that are relevant to consideration of this Motion. Those documents include: (a) a motion to compel the Debtor to arbitrate the Complaint [Docket No. 19] (copy attached hereto as Exhibit B); (b) a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or stay this Adversary Proceeding pending arbitration [Docket No. 20] (copy attached hereto as Exhibit C); (c) a memorandum of law in support of both of the Other Defendants' motions listed above [Docket No. 22] (copy attached hereto as Exhibit D); and (d) a Declaration of Brian D. Koosed, Esq. [Docket No. 23] (copy attached hereto as Exhibit E), with documentary evidence supporting these motions. In the Debtor's main bankruptcy case, the Other Defendants also filed a motion for relief from stay

- 3 -

Active/50946640.1

[Debtor Case Docket No. 99] (copy attached hereto as Exhibit F) to allow the pending arbitration to proceed.

4. In the Complaint, the Debtor asserts the following claims against Mr. and Mrs. Li:

a. <u>First Claim: Turnover of Property of the Estate – 11 U.S.C. § 542(a)</u>. Although this claim is brought against "All Defendants," the Debtor nowhere alleges any acts or omissions by either Mr. or Mrs. Li in their respective personal capacities. *See* Ex. A, ¶¶ 106-110.

b. <u>Second Claim: Permanent Injunction – 11 U.S.C. § 105(a)</u>. Again, the Debtor asserts this claim against "All Defendants," but nowhere alleges any acts or omissions by either Mr. or Mrs. Li in their respective personal capacities. *See id.* at ¶¶ 111-115.

c. <u>Third Claim for Relief: Declaration that the Stay Applies to the Arbitration – 11 U.S.C. § 105(a)</u>. The Debtor asserts this claim against "All Defendants," but the claim relates to an arbitration to which neither Mr. nor Mrs. Li is a party. *See id.* at ¶¶ 116-120. Additionally, the Debtor nowhere alleges in this claim any acts or omissions by Mr. or Mrs. Li in their respective personal capacities. In any event, this claim will be rendered moot upon the Bankruptcy Court's ruling on the Other Defendants' pending motions in the Adversary Proceeding and the main bankruptcy case. *See* Exs. B, F.

d. <u>Fourth Claim for Relief: Permanent Injunction – 11 U.S.C. § 105(a)</u>. The Debtor asserts this claim against "All Defendants," but the claim again relates to an arbitration to which neither Mr. nor Mrs. Li is a party. *See* Ex. A, ¶¶ 121-125. Additionally, the Debtor nowhere alleges in this claim any acts or omissions by Mr. or Mrs. Li in their respective personal capacities. In any event, this claim will be rendered moot upon the Bankruptcy Court's ruling on

the Other Defendants' pending motions in the Adversary Proceeding and the main bankruptcy case. *See* Exs. B, F.

    e. <u>Eighth Claim for Relief: Fraudulent Conveyance – 11 U.S.C. §§ 548(a)(1)(B) and 550(a)</u>. The Debtor asserts this claim against all Defendants, but nowhere alleges any transfer of property to or for the benefit of Mr. or Mrs. Li, either directly or indirectly; thus, there is no discernable connection between this claim and Mr. and Mrs. Li. The Debtor seeks an award of monetary damages on this claim. *See* Ex. A, ¶¶ 154-166.

    f. <u>Eleventh Claim for Relief: Common Law Fraudulent Misrepresentation</u>. This claim is brought against various Defendants, including Mr. and Mrs. Li individually. The Debtor seeks an award of monetary damages on this claim. *See* Ex. A, ¶¶ 196-215.

    g. <u>Twelfth Claim for Relief: Negligent Misrepresentation</u>. This claim is brought against various Defendants, including Mr. and Mrs. Li individually. The Debtor seeks an award of monetary damages on this claim. *See* Ex. A, ¶¶ 216-236.

    h. <u>Thirteenth Claim for Relief: Civil Conspiracy</u>. Although the title of this claim does not list Mr. and Mrs. Li as targets of the claim, the Debtor's allegations discuss Mr. and Mrs. Li, so it is unclear whether the Debtor intends to assert this claim against Mr. and Mrs. Li individually. In any event, the Debtor seeks an award of monetary damages on this claim. *See* Ex. A, ¶¶ 237-241.

    i. <u>Fourteenth Claim for Relief: Unjust Enrichment</u>. This claim is brought against various Defendants, including Mr. and Mrs. Li individually. The Debtor seeks an award of monetary damages on this claim. *See* Ex. A, ¶¶ 242-248.

5. Mr. and Mrs. Li are not listed as creditors in the Debtor's bankruptcy schedules. *See* Debtor Case Docket No. 1 (copy attached hereto as Exhibit G). Neither Mr. nor Mrs. Li has

- 5 -

filed any claims against the Debtor, and neither of them intends to file a proof of claim in the Debtor's bankruptcy case.

6. The Debtor has not yet served Mr. and Mrs. Li, who are citizens and residents of China, with process in this Adversary Proceeding. On November 11, 2019, the Debtor filed a motion [Docket No. 25] (copy attached hereto as Exhibit H) (the "Service Motion") seeking authorization to serve Mr. and Mrs. Li with process by email. Contemporaneously herewith, Mr. and Mrs. Li are filing their special objection to the Service Motion. A copy of that special objection is attached hereto as Exhibit I. Thus, at this time, it is uncertain when Mr. and Mrs. Li will be served with a summons regarding the Debtor's Complaint, thereby commencing this action as to them. Nevertheless, in an abundance of caution and to avoid any possible claim that they have waived their rights to withdraw the reference of the Debtor's Complaint as to them, Mr. and Mrs. Li are filing this Motion now, while reserving all rights to object to, and without any consent to, service of process on them, or this Court's personal or subject matter jurisdiction over them or over the Debtor's claims against them in the Complaint.

## Legal Argument

**A. Reference of the Debtor's Claims Against Mr. and Mrs. Li Must Be Withdrawn Because the Bankruptcy Court Cannot Constitutionally Enter a Final Judgment on Those Claims.**

5. After the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), it is beyond dispute that a bankruptcy court, as a non-Article III court, does not have constitutional authority to issue a final judgment on the types of claims brought by the Debtor against Mr. and Mrs. Li. Accordingly, Mr. and Mrs. Li have demonstrated "cause" to withdraw the automatic reference of those claims to the Bankruptcy Court. *See* 28 U.S.C. § 157(d).

6. District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Bankruptcy court jurisdiction is granted through the district courts under 28 U.S.C. § 157(a), which permits the district courts to refer actions within their bankruptcy jurisdiction to the bankruptcy judges of those courts. Here, the District Court's local rules, specifically D.C. Colo. L.Civ.R. 84.1(a), automatically refer to the Bankruptcy Court all title 11 cases and proceedings commenced in this District. However, where the bankruptcy court does not have constitutional authority to exercise the power granted to it under 28 U.S.C. § 157, the automatic reference to the bankruptcy court conflicts with the constitutional grant of authority to the district courts and, therefore, the automatic reference must be withdrawn from the bankruptcy court.

7. The Supreme Court in *Stern* clarified that bankruptcy courts are not constitutionally permitted to enter final judgment on private law claims asserted against parties like Mr. and Mrs. Li, who have not filed any claims against the debtor's estate. In *Stern*, the Supreme Court held that Congress had improperly granted to non-Article III bankruptcy courts the authority to enter final judgment on state law counterclaims asserted by debtors, where such claims would not be resolved in ruling on creditors' proofs of claim and did not fall within the limited "public rights" doctrine. *Stern*, 131 S. Ct. at 2620.

8. This is true even though the claims were labeled as "core" proceedings under 28 U.S.C. § 157(b). Specifically, the *Stern* Court held that the designation of a claim as core or non-core does not dictate whether a bankruptcy court has constitutional authority to enter a final judgment on that claim. *Stern*, 131 S. Ct. at 2608 (holding that, while "§ 157(b)(2)(C) permits the Bankruptcy Court to enter final judgment on [the] counterclaim, Article III of the Constitution does not").

9. Rather, this determination derives from whether the claim falls within the limited "public rights" exception, or whether it constitutes a private right that is not necessarily and fully disposed of in the claims allowance process.

10. In *Stern*, the Supreme Court explained that while Congress can create public rights and remove those from the purview of Article III judges, it may not "'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at common law,'" or "matters 'of private right, that is, of the liability of one individual to another under the law as defined.'" *Stern*, 131 S. Ct. at 2612 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284 (1855), and *Crowell v. Benson*, 285 U.S. 22, 51 (1932)).

11. Public rights are those where "the claim derives from a federal regulatory scheme," or where "resolution of the claim by an expert governmental agency is deemed essential to a limited regulatory objective within the agency's authority." *Stern*, 131 S. Ct. at 2613. Such claims may therefore be resolved by non-Article III courts created by Congress.

12. Private rights, on the other hand, are those that do not depend on regulatory or administrative objectives for their existence. These claims can only be heard by bankruptcy courts when they are a necessary part of determining whether to allow a creditor's claim against the bankruptcy estate. *Stern*, 131 S. Ct. at 2618. When litigation claims are not intertwined with creditor claims, and where the litigation claims instead seek to "augment the bankruptcy estate," the litigation claims may not be heard by the bankruptcy courts. *Id.* at 2616.

13. Thus, in *Stern*, the Supreme Court held that a debtor's tortious interference counterclaim under state common law did not fall within any of the formulations of the public rights doctrine because the claim functioned only to augment the bankruptcy estate, and was independent of the claims allowance process. *Stern*, 131 S. Ct. at 2616-17.

Active/50946640.1

14. Here, similarly, the Debtor's pleaded claims against Mr. and Mrs. Li in this case involve solely private rights, asserted as common law and other legal claims, brought only to augment the estate, and are not intertwined with the claims allowance process. Indeed, neither Mr. nor Mrs. Li has filed or intends to file any claims against the Debtor's estate.

15. Although the constitutional requirements prescribed in *Stern* may be satisfied by the bankruptcy court's submission of proposed findings of fact and conclusions of law to the district court for *de novo* review by the Article III court, withdrawal of the reference is still mandatory to confirm that such submission and review must occur. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173-75 (2014). Because the Debtor's claims against Mr. and Mrs. Li cannot be finally decided by the Bankruptcy Court, withdrawal of the reference is necessary to confirm the constitutionally-required final decision by the District Court.

**B.   Protection of Mr. and Mrs. Li's Constitutional Right to a Jury Trial Constitutes "Cause" Requiring Withdrawal of the Reference of all Claims Against Them.**

16. Although all civil proceedings arising under or related to cases under the Bankruptcy Code are referred—as an initial matter—to bankruptcy judges, that initial reference may be "withdrawn" where, as here, a defendant can show "cause." *See* 28 U.S.C. § 157(d).

17. It is well-settled in this District that a defendant's constitutional right to a jury trial is a sufficient basis for withdrawal of the reference as good "cause" under § 157(d). Former Chief (and now Senior) District Judge Krieger articulated the law governing this Motion as follows:

> The Seventh Amendment protects a litigant's right to a jury trial if a cause of action is legal in nature and involves a matter of "private right." *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989). In the Tenth Circuit, a right to have a jury trial constitutes "cause" for withdrawal where the bankruptcy court is not authorized to conduct a jury trial. In *In re Kaiser Steel Corp.*, 911 F.2d 380, 389 (10th Cir. 1990), the Tenth Circuit held that judges [*sic*, meaning "bankruptcy judges"] lack the authority to conduct jury trials. Since the

- 9 -

> *Kaiser* decision, § 157(e) was added, which provides that a bankruptcy judge may conduct a jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all parties. Nevertheless, this court has not authorized the bankruptcy court to conduct jury trials, and therefore cause to withdraw the reference may be shown where a party has a Seventh Amendment right to a jury trial and a timely demand is made.

*In re Kelley*, 2016 WL 3475196 at *3 n.3 (D. Colo. June 27, 2016).

18. District Judge Moore previously applied the principle from *Kelley* in a situation nearly identical to that presented by Mr. and Mrs. Li. In *Walters v. Turner (In re 3PL4PL),* 2015 WL 8479974 at *2 (D. Colo. Dec. 9, 2015), the plaintiff asserted—just as the Debtor alleges here—claims for monetary recovery based on alleged fraudulent transfers and common law torts (there, conversion; here, fraud, negligent misrepresentation, unjust enrichment, and perhaps civil conspiracy). After the defendants demanded a jury and moved to withdraw the reference, the Court "agree[d] that the right to a jury trial is sufficient cause shown for the withdrawal of the reference . . . ." *Id. Accord In re Aichinger,* 2015 WL 790536 at **1-2 (D. Colo. Feb. 23, 2015) (jury demand by non-creditor in response to preference and fraudulent transfer claims constituted "cause" for withdrawal of reference) (Jackson, J.); *In re SVS Holdings, Inc.*, Civ. Act. No. 13-cv-00169-REB (D. Colo. June 11, 2013) (available on Casemaker) (same—jury demand on fraudulent transfer claim) (Blackburn, J.).[1]

---

[1] In the interest of full disclosure, in the only apparent decision contrary to the uniform line of authorities in this District cited above, *In re American Title Services Co.*, 2105 WL 13229210 at *3 (D. Colo. Dec. 11, 2015), when now-Chief District Judge Brimmer denied without prejudice a motion to withdraw the reference filed in conjunction with a jury trial demand, the Court held, "While the Court declines to withdraw the reference at this time, the Court notes that it will be appropriate to do so at some point in the future." Thus, even in *American Title*, the Court ruled that, with respect to withdrawal of the reference, the issue was not *whether*, but *when* the reference would be withdrawn. Here, certainty for the parties and vindication of Mr. and Mrs. Li's Seventh Amendment rights support a withdrawal of the reference now, leaving the Bankruptcy Court to conduct pretrial proceedings in the efficient time-honored manner, if necessary.

19. As shown above, Mr. and Mrs. Li have demanded a jury trial on the Debtor's claims against them, subject to their reservations of jurisdictional, service of process, and other rights. Accordingly, Mr. and Mrs. Li have a right to a jury trial. The Debtor's Eleventh, Twelfth, Thirteenth (if applicable), and Fourteenth Claims sound in state law for fraud, negligent misrepresentation, civil conspiracy, and unjust enrichment, and all request a damage award. Those claims entitle a defendant to a jury trial under common law. *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) ("The Seventh Amendment, for example, entitled the parties to a jury trial in actions for damages to a person or property, for libel and slander, for recovery of land, and for conversion of personal property."). The Eighth Claim seeks damages for fraudulent transfers, and although the Debtor asserts no grounds for recovery against Mr. and Mrs. Li, the claims facially entitle them to a jury trial. *In re Aichinger*, *supra* at *1 (*citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43- 46 (1989)); *In re Richardson,* 2012 WL 5458860 at 2 (D. Colo. 2012) (Daniel, J.).[2]

20. Withdrawing the reference as to all claims against Mr. and Mrs. Li would be a component of a broader, efficient administration of the claims asserted in the Complaint that is mandated by the Federal Arbitration Act and the U.S. Constitution. The Other Defendants have moved to compel arbitration of the Debtor's Complaint in the pending arbitration that will resolve substantially all of the subject matter of the disputes between the Debtor and all Defendants. *See* Exs. B, D, E. Correspondingly, the Other Defendants have moved to dismiss, or at least stay, the Adversary Proceeding pending the results of the broad arbitration. If the requested dismissal or stay were entered, there would be no further proceedings necessary

---

[2] Although the First through Fourth Claims purport to be asserted against Mr. and Mrs. Li, those claims don't allege any actual misconduct by them and are manifestly inapplicable to them personally; consequently, they don't merit attention for purposes of this Motion.

Active/50946640.1

- 12 -

regarding the claims against Mr. and Mrs. Li at any time, or for at least a substantial time. More importantly, if the time were ever to come for a jury trial in the District Court on the Debtor's claims against Mr. and Mrs. Li, that trial would be greatly simplified based on the already-developed evidentiary record in the arbitration.

21. Mr. and Mrs. Li recognize that the practice of the District Court for the District of Colorado in circumstances similar to this case is to withdraw the automatic reference but to direct the Bankruptcy Court to conduct all pretrial proceedings subject to the submittal of a report and recommendation to the District Court in matters prior to the jury trial reserved for the District Court. Mr. and Mrs. Li have no objection to that procedure, and would request only that the District Court conduct the pretrial conference, the trial, and all post-trial matters.

WHEREFORE, Mr. and Mrs. Li respectfully request that the District Court enter an order withdrawing the reference of this action to the Bankruptcy Court solely with respect to them and to all claims asserted against them.

DATED:  November 25, 2019.

        SHERMAN & HOWARD L.L.C.

        *s/ Eric E. Johnson*
        Peter A. Cal
        Eric E. Johnson
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        Telephone:  (303) 297-2900
        Facsimile:  (303) 298-0940
           E-mail:  pcal@shermanhoward.com
              ejohnson@shermanhoward.com

        K&L GATES LLP

        *s/ Brian D. Koosed*
        Brian D. Koosed
        Robert T. Honeywell
        1601 K Street, N.W.
        Washington, D.C. 20006
        Telephone:  (202) 778-9204
        Facsimile:  (202) 778-9100
           E-mail:  Brian.Koosed@klgates.com
              Robert.Honeywell@klgates.com

        **Attorneys for Mingsu Li, a/k/a Serena Li; and Jun Li, a/k/a Frank Li**

Active/50946640.1

## CERTIFICATE OF SERVICE

      I hereby certify that on November 25, 2019, I electronically filed the foregoing **MOTION OF DEFENDANTS MINGSU LI AND JUN LI TO WITHDRAW AUTOMATIC REFERENCE TO THE BANKRUPTCY COURT, JURY DEMAND, AND RESERVATION OF RIGHTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Aaron J. Conrardy, Esq.<br>David Wadsworth, Esq.<br>David Warner, Esq.<br>aconrardy@wgwc-law.com<br>dwadsworth@wgwc-law.com<br>dwarner@wgwc-law.com | Thomas P. Howard<br>Olayinka L. Hamza<br>thoward@thowardlaw.com<br>ohamza@thowardlaw.com |
| Kevin S. Neiman, Esq.<br>kevin@ksnpc.com | Debra Piazza<br>dpiazza@montgomerylittle.com |
| Nathan G. Osborn, Esq.<br>nosborn@montgomerylittle.com | Alan K. Motes, Esq.<br>Alan.Motes@usdoj.gov |
| U.S. Trustee<br>USTPRegion19.DV.ECF@usdoj.gov | |

      The undersigned further certifies that on November 25, 2019, a true and correct copy of the foregoing **MOTION OF DEFENDANTS MINGSU LI AND JUN LI TO WITHDRAW AUTOMATIC REFERENCE TO THE BANKRUPTCY COURT, JURY DEMAND, AND RESERVATION OF RIGHTS** was served by placing the same in the United States mail, first class postage paid on the 20 Largest Creditors, Debtor and Daniel Banjo, addressed as follows:

| | |
|---|---|
| Agtec Industries Pvt Ltd<br>38-B, Udyog Vihar, Ecotech -II<br>Greater Noida, U.P. 201306<br>India | Atlas Denver Industrial, LP<br>12001 N. Central Expressway, Suite 875<br>Dallas, TX 75243-3860 |
| Bluesea Trailer Parts Co Ltd<br>Poli Huangdo<br>Qingdao China 266000 | Changzhou Henghao Special Alloy Co., Ltd<br>No. 5-2, West Taihu Road<br>Xinbei District<br>Changzhou City JS<br>China 213000 |

- 15 -

| | |
|---|---|
| Hong Kong Chinabase Intl. Grp, 4th Floor, B Block, Jianhua Indst. Park No 207-208 Qi Gu Deng Shou Shandong Road, Hangzhou China 310000 | Intradin Machinery Co Huzhou No. 118 Dohui Road Minhang District Shanghai 201109 China |
| Ningbo NGP Industry Co., Ltd. No. 88, Lane 666 Jinshan Road Czone Jianbei Investment Center Ningbo China 315400 | Sinotub Industry Co Ltd D-802 Pufa Plaza 1759 North Zhongshan Road Shanghai China 201000 |
| Syndigo 833 E. South St. Stoughton, WI 53589 | Tiya International Co Ltd B12B Shenye Center 9 Shangdong Rd Qingdao 266071 China |
| Yongkang Legend Garden Machinery Factory No. 501 Xita Road Chengxi Industrial Zone Yongkang City, Zhejiang Prov. China 212000 | Zhejiang Kc Mechanical & Electrical No. 299 East Huaxi Road Gushan Yongkang Zhejiang China 212000 |
| Frictionless World, LLC 1100 W. 120th Avenue, Suite 600 Westminster, CO 80234-2736 | Daniel Banjo 2807 Jay Road Boulder, CO 80301-1605 |

*s/ Roberta Neal*

- 15 -