# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-18459 MER |
| | ) | |
| Frictionless World, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Frictionless World, LLC, | ) | |
| | ) | Adversary Proceeding No. 19-01282 MER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Frictionless, LLC; Changzhou Inter Universal | ) | |
| Machine & Equipment Co., Ltd.; Li Zhixiang; | ) | |
| Changzhou Zhong Lian Investment Co., Ltd.; | ) | |
| Serena Li; and Frank Li, | ) | |
| | ) | |
| Defendants. | ) | |

**ARBITRATION PARTICIPANTS' MOTION TO COMPEL THE DEBTOR TO
ARBITRATE PURSUANT TO THE FEDERAL ARBITRATION ACT**

Changzhou Zhong Lian Investment Co., Ltd. ("Z.L. Investment"), Changzhou Inter Universal Machine & Equipment Co., Ltd. ("CIU"), and Frictionless, LLC ("Frictionless")—creditors of the Debtor, Frictionless World, LLC (the "Debtor" or "World")—and Li Zhixiang ("Mr. Li," and collectively with Z.L. Investment, CIU, and Frictionless, the "Arbitration Participants"), by their undersigned attorneys, request the Court to compel the Debtor, pursuant to the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.* (the "FAA"), to arbitrate in the Arbitration (as defined below) the claims set forth in its Complaint filed in this Adversary Proceeding. In support of their Motion to Compel Arbitration, the Arbitration Participants state:

Active/50846207.2

1. The Arbitration Participants are contemporaneously filing: the (a) Arbitration Participants' Consolidated Memorandum of Law: (A) In Support of Their Motions to Compel the Debtor to Arbitrate Pursuant to the Federal Arbitration Act, For Relief From the Automatic Stay to Allow Arbitration to Proceed, and to Dismiss Under Fed. R. Civ. P. 12(B)(1), or Stay, Adversary Proceeding Pending Arbitration; and (B) In Opposition to the Debtor's Motion for Preliminary Injunction Staying the Arbitration in Favor of the Adversary Proceeding and Extending the Automatic Stay to the Debtor's Principal, Daniel Banjo (the "Consolidated Brief"); and (b) Declaration of Brian D. Koosed ("Koosed Dec."). The underlying documents related to the Arbitration necessary for the Court's consideration of the Motion to Compel Arbitration are attached to the Koosed Declaration. The Arbitration Participant incorporate by reference as if stated fully herein the Consolidated Brief and the Koosed Declaration (with all other exhibits).

2. On April 15, 2019, Z.L. Investment initiated the Arbitration against the Debtor and Banjo by filing an initial demand for arbitration with the American Arbitration Association commencing the Arbitration captioned *Changzhou Zhong Lian Investment Co., Ltd. (a/k/a Z.L. Investment), Claimant v. Daniel Banjo and Frictionless World, LLC, Respondents v. Li Zhixiang, Z.L. Investment, and Changzhou Inter Universal Machine and Equipment Co., Ltd., Counterclaim and Third-Party Respondents*, American Arbitration Association Case No. 01-19-0001-1748 (the "Arbitration"). *See* Koosed Dec., Exh. 1. As demonstrated in the Consolidated Brief, the Debtor was a ready, willing, and able participant in the Arbitration for five and a half months prior to the Petition Date.

3. On September 30, 2019, the Debtor filed its voluntary chapter 11 bankruptcy petition and commenced its Bankruptcy Case in this Court. On October 9, 2019, the Debtor commenced this Adversary Proceeding by filing its Complaint.

2

4.      In the Consolidated Brief, the Arbitration Participants demonstrate that the FAA and Bankruptcy Code, binding precedent, the operative nucleus of fact and law applicable to both the Arbitration and this Adversary Proceeding, and all considerations of equity and efficiency mandate allowing the Arbitration to proceed, as it was for nearly six months before the Petition Date.  Furthermore, the same considerations require that the Debtor be compelled to arbitrate in the Arbitration the claims asserted in its Complaint in this Adversary Proceeding.

5.      Under the FAA, the only relevant, and dispositive, question for the Court is whether the Arbitration Participants, the Debtor, and Banjo (collectively, the "Parties"), have a binding agreement to arbitrate their dispute.  The incontrovertible answer is that they have multiple, express, written and binding arbitration agreements.  The FAA and recent Supreme Court precedent mandate that, per the Parties' arbitration agreement, this Court refer even the question of arbitrability to the Parties' chosen panel of three arbitrators for decision.

6.      Z.L. Investment, Banjo and Mr. Li are parties to the Operating Agreement for Frictionless, LLC (the "LLC Agreement").  Section 14.6 of the LLC Agreement, which is entitled "**Arbitration; Consent to Jurisdiction**," provides as follows:

> 14.6.1. Arbitration.  Each Member [Banjo and Z.L. Investment] and Li, on his, her, or its own behalf and on behalf of the Company, ***hereby agrees to submit all controversies, claims and matters of difference arising under or relating to this Agreement or the Company***, which cannot be resolved between the Members and Li, ***to arbitration in accordance with the provisions and procedures set forth herein*** . . . .  Without limiting the generality of the foregoing, the following shall be considered controversies for this purpose: (a) ***all questions relating to the interpretation or breach of this [LLC] Agreement***, (b) all questions relating to any representations, negotiations and other proceedings leading to the execution of this Agreement, the formation of the Company, or the issuance of Membership Interests, and (c) ***all questions as to whether the right to arbitrate any such question exists***.  Notwithstanding the foregoing, each Member, Li, and the Manager shall have the right to seek and obtain such temporary or preliminary injunctive relief from a court of competent jurisdiction to which

3

Case 19-01282-MFW Doc # 897 Filed 11/25/19 Entered 11/25/19 16:08:57 Page 5 of 9

4

> it may be entitled pending a final determination by arbitration of the dispute to which such relief relates.

*See* Koosed Dec., Ex. 1, and Ex. C-1 thereto, pp. 22-23 (emphasis added).

7.      As demonstrated in the Consolidated Brief, the Debtor, although not a signatory to the LLC Agreement, agreed to arbitrate its claims based on multiple express written submissions filed in the Arbitration, repeated statements made by its counsel in the Arbitration, and by its active participation, including seeking affirmative relief, in the Arbitration.

8.      As demonstrated in the Consolidated Brief, the Debtor's claims in this Adversary Proceeding are redundant of the Parties' claims asserted in the Arbitration. That certain of the Debtor's claims purport to arise under bankruptcy law does not change the analysis.

WHEREFORE, the Arbitration Participants respectfully request the Court to enter an Order compelling the Debtor to arbitrate in the Arbitration the claims set forth in its Complaint in this Adversary Proceeding and granting such additional relief to the Arbitration Participants as the Court deems appropriate.

DATED: November 1, 2019.

        SHERMAN & HOWARD L.L.C.

        *s/ Eric E. Johnson*
        Peter A. Cal
        Eric E. Johnson
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        Telephone: (303) 297-2900
        Facsimile: (303) 298-0940
         E-mail: pcal@shermanhoward.com
            ejohnson@shermanhoward.com

        K&L GATES LLP

        *s/ Brian D. Koosed*
        Brian D. Koosed
        Robert T. Honeywell
        1601 K Street, N.W.
        Washington, D.C. 20006
        Telephone: (202) 778-9204
        Facsimile: (202) 778-9100
         E-mail: Brian.Koosed@klgates.com
            Robert.Honeywell@klgates.com

        **Attorneys for Frictionless, LLC, Changzhou Zhong Lian Investment Co. Ltd., Changzhou Inter Universal Machine & Equipment Co., Ltd., and Li Zhixiang**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2019, I electronically filed the foregoing **ARBITRATION PARTICIPANTS' MOTION TO COMPEL THE DEBTOR TO ARBITRATE PURSUANT TO FEDERAL ARBITRATION ACT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Aaron J. Conrardy, Esq. | Thomas P. Howard |
| David Wadsworth, Esq. | Olayinka L. Hamza |
| David Warner, Esq. | thoward@thowardlaw.com |
| aconrardy@wgwc-law.com | ohamza@thowardlaw.com |
| dwadsworth@wgwc-law.com | |
| dwarner@wgwc-law.com | |

                                      *s/ Roberta Neal*

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-18459 MER |
| | ) | |
| Frictionless World, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Frictionless World, LLC, | ) | |
| | ) | Adversary Proceeding No. 19-01282 MER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Frictionless, LLC; Changzhou Inter Universal Machine & Equipment Co., Ltd.; Li Zhixiang; Changzhou Zhong Lian Investment Co., Ltd.; Serena Li; and Frank Li, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING ARBITRATION PARTICIPANTS' MOTION TO COMPEL THE DEBTOR TO ARBITRATE PURSUANT TO THE FEDERAL ARBITRATION ACT

THIS MATTER having come before the Court upon the Motion of Changzhou Zhong Lian Investment Co., Ltd. ("Z.L. Investment"), Changzhou Inter Universal Machine & Equipment Co., Ltd. ("CIU"), Frictionless, LLC ("Frictionless"), and Li Zhixiang ("Mr. Li," and collectively with Z.L. Investment, CIU, and Frictionless, the "Arbitration Participants"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.* (the "FAA"), to compel the Debtor, Frictionless World, LLC, to arbitrate in the Arbitration (as defined below) the claims set forth in its Complaint filed in this Adversary Proceeding, the Court having reviewed and considered the Motion, all supporting documents filed therewith, and any response thereto or other document

filed in conjunction therewith, the Court having reviewed the files and pleadings in this matter to the extent deemed necessary by the Court, and for other good cause appearing, now, therefore:

IT IS HEREBY ORDERED that the Motion is granted. Accordingly, the Debtor is ordered to arbitrate, in that certain arbitration proceeding captioned *Changzhou Zhong Lian Investment Co., Ltd. (a/k/a Z.L. Investment), Claimant v. Daniel Banjo and Frictionless World, LLC, Respondents\ v. Li Zhixiang, Z.L. Investment, and Changzhou Inter Universal Machine and Equipment Co., Ltd.*, *Counterclaim and Third-Party Respondents*, American Arbitration Association Case No. 01-19-0001-1748 (the "Arbitration"), the claims set forth in its Complaint in this Adversary Proceeding.

DATED: _____, 2019.

BY THE COURT:

_____
United States Bankruptcy Judge