IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-18459 MER |
| | ) | |
| Frictionless World, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Frictionless World, LLC, | ) | |
| | ) | Adversary Proceeding No. 19-01282 MER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Frictionless, LLC; Changzhou Inter Universal Machine & Equipment Co., Ltd.; Li Zhixiang; Changzhou Zhong Lian Investment Co., Ltd.; Serena Li; and Frank Li, | ) ) ) ) | |
| Defendants. | ) | |

**ARBITRATION PARTICIPANTS' MEMORANDUM IN SUPPORT OF THE ADMISSIBILITY OF EXHIBIT Q**

1.    Pursuant to the Court's order at the December 6, 2019 hearing (the "Hearing"), the Arbitration Participants[1] respectfully submit this brief memorandum in support of the admissibility of Exhibit Q, the Emergency Arbitrator's July 19, 2019 Order denying the Debtor's Emergency Arbitration Motion seeking preliminary injunction (the "Emergency Arbitration Order").

2.    The Arbitration Participants rely upon the Emergency Arbitration Order, along with the other Arbitration documents, orders, and agreements that the Court already admitted into

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Arbitration Participants' Consolidated Memorandum of Law, dated November 1, 2019. *See* Adversary Proceeding Docket No. 22 (the "Opening Brief").

1

evidence, to demonstrate the Debtor's agreement to arbitrate the Parties' dispute.[2] Specifically, the Emergency Arbitration Order—Exhibit Q—states: "Not all parties to this arbitration were signatories to the arbitration agreement although each had appeared voluntarily in the arbitration and joined all issues raised. [O]n June 24, 2019, all parties filed submission agreements with the ICDR submitting this dispute to arbitration." Exhibit Q, ¶ 7.

3. At the Hearing, the Debtor objected to the admissibility of Exhibit Q on hearsay grounds. Initially, the Debtor's agreement to arbitrate, as reflected in the Emergency Arbitration Order, is an opposing party's statement and therefore is not hearsay. *See* FRE 801(d)(2). Even if it did constitute hearsay, however, Exhibit Q is nevertheless admissible.

4. The Tenth Circuit has noted that an "arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate.'" *King v. Horizon Corp.*, 701 F.2d 1313, 1316 (10th Cir. 1983) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974)); *see also Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 F. App'x 672, 677 (10th Cir. 2004) ("The district court was entitled to consider the arbitrator's decision as evidence. . . ."). "The Federal Rules of Evidence start from the premise that [arbitral decisions] are generally admissible 'unless the sources of information or other circumstances indicate a lack of trustworthiness.'" *Graef v. Chemical Leaman Corp.*, 106 F.3d 112, 118 (5th Cir.1997) (quoting Fed. R. Evid. 803(6)).

---

[2] *See also* Exhibit 39 (the Debtor's Arbitration Counterclaims, which state: "[The Debtor] will agree to have this heard under by [sic] the AAA" if CIU agrees to do so as well); Exhibit G (email on behalf of CIU accepting the Debtor's offer to arbitrate); Exhibit M (the Debtor's Submission Agreement); Exhibit U (the Tribunal's Procedural Order No. 2, memorializing that "The Parties stated no challenge and no intent to challenge the formation, existence, or validity of the arbitration agreement, the jurisdiction of the Tribunal, or the arbitrability of any claim, defense, or counterclaim . . . ."); Exhibit L (Emergency Arbitrator's Procedural Order No. 1, requiring the Parties to "file a submission agreement submitting all claims and disputes to arbitration").

The Court admitted these exhibits, subject only to the Debtor's objection to Exhibit U on relevance grounds, which the Arbitration Participants expect will be overruled.

5. Absent such proof of lack of trustworthiness, courts regularly admit arbitration decisions like the Arbitration Order into evidence under both: (a) Federal Rule of Evidence 803(6), the hearsay exception for Records of a Regularly Conducted Activity; and (b) the Residual Exception to hearsay provided by Federal Rule of Evidence 807:

- *Knickmeyer v. Nevada ex rel Eighth Judicial Dist. Court*, 173 F. Supp. 3d 1034, 1041 (D. Nev. 2016), *aff'd sub nom. Knickmeyer v. Nevada ex rel. Eighth Judicial Dist. Court*, 716 F. App'x 597 (9th Cir. 2017) (holding arbitration decision was admissible under both FRE 803(6) and FRE 803(8)(c) [now FRE 803(8)(iii)]);

- *Via v. Taylor*, No. CIV.A.97-4-JJF, 2002 WL 31115613, at *3–4 (D. Del. Sept. 11, 2002) (admitting AAA decision under FRE 803(6) and what is now FRE 807);

- *Trustees of S. California IBEW-NECA Pension Plan v. Jam Fire Prot.*, 718 F. Supp. 2d 1176, 1184 (C.D. Cal. 2009) (admitting ERISA arbitration decision under FRE 803(6));

- *Benjamin v. Walt Disney Co.*, No. CV 05-2280GPS, 2007 WL 1655783, at *2 (C.D. Cal. June 5, 2007) (admitting arbitration decision under FRE 803(6));

- *Diamond Resorts Int'l, Inc. v. Aaronson*, 371 F. Supp. 3d 1088, 1104 n.8 (M.D. Fla. 2019) (admitting arbitration award under FRE 807);

- *Sievert v. City of Sparks*, No. 3:12-CV-0526-LRH-WGC, 2014 WL 358698, at *2 (D. Nev. Jan. 31, 2014) (admitting arbitral opinion and award under FRE 807).

6. The Debtor does not dispute that Exhibit Q is a true and correct copy of the Emergency Arbitration Order. Nor does the Debtor point to any indicia of untrustworthiness of the Emergency Arbitrator's finding that "all parties filed submission agreements with the [AAA's International Centre for Dispute Resolution] submitting this dispute to arbitration." Exhibit Q at ¶ 7. Accordingly, Exhibit Q is admissible under both Federal Rules of Evidence 803(6) and 807.

WHEREFORE, based on the legal and factual authorities and arguments set forth above, the Arbitration Participants respectfully request that the Court admit Exhibit Q into evidence.

DATED: December 11, 2019.

SHERMAN & HOWARD L.L.C.

*s/ Peter A. Cal*
Peter A. Cal
Eric E. Johnson
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
   E-mail: pcal@shermanhoward.com
          ejohnson@shermanhoward.com

K&L GATES LLP

*s/ Brian D. Koosed*
Brian D. Koosed
Robert T. Honeywell
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9204
Facsimile: (202) 778-9100
   E-mail: Brian.Koosed@klgates.com
          Robert.Honeywell@klgates.com

**Attorneys for Changzhou Zhong Lian Investment Co., Ltd., Changzhou Inter Universal Machine & Equipment Co., Ltd., Frictionless, LLC, and Li Zhixiang**

## CERTIFICATE OF SERVICE

  I hereby certify that on December 11, 2019, I electronically filed the foregoing **ARBITRATION PARTICIPANTS' MEMORANDUM IN SUPPORT OF THE ADMISSIBILITY OF EXHIBIT Q** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Aaron J. Conrardy, Esq.<br>David Wadsworth, Esq.<br>David Warner, Esq.<br>aconrardy@wgwc-law.com<br>dwadsworth@wgwc-law.com<br>dwarner@wgwc-law.com | Thomas P. Howard, Esq.<br>Olayinka L. Hamza, Esq.<br>thoward@thowardlaw.com<br>ohamza@thowardlaw.com |
| Kevin S. Neiman, Esq.<br>kevin@ksnpc.com | Debra Piazza, Esq.<br>dpiazza@montgomerylittle.com |
| Nathan G. Osborn, Esq.<br>nosborn@montgomerylittle.com | Alan K. Motes, Esq.<br>Alan.Motes@usdoj.gov |
| U.S. Trustee<br>USTPRegion19.DV.ECF@usdoj.gov | Jiangang Ou<br>jou@nguyen-chen.com |
| Risa Lynn Wolf-Smith, Esq.<br>RWolf@hollandhart.com | Stephen M. Packman, Esq.<br>spackman@archerlaw.com |

                *s/ Roberta Neal*