# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>FRICTIONLESS WORLD, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-18459-MER |
| FRICTIONLESS WORLD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FRICTIONLESS LLC; CHANGZHOU INTER UNIVERSAL MACHINE & EQUIPMENT CO., LTD.; LI ZHIXIANG; CHANGZHOU ZHONG LIAN INVESTMENT CO. LTD.; SERENA LI; and FRANK LI,<br><br>Defendants | Adv. Pro. No.:  19-01282-MER |

## MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERVENE AS PLAINTIFF

The Official Committee of Unsecured Creditors (the "Committee"), duly appointed by the Office of the United States Trustee (the "UST") in the underlying chapter 11 bankruptcy case of the above captioned debtor, Frictionless World, LLC (the "Debtor"), by and through its undersigned counsel, hereby files this motion (this "Motion") seeking to intervene as plaintiff in the above captioned adversary proceeding (the "Adversary "Proceeding"). In support of the Motion, the Committee respectfully avers as follows:

## I. PRELIMINARY STATEMENT

The Committee seeks to intervene in the Adversary Proceeding in order to fulfill its statutory duties to advance and protect the unique interests of the Debtor's unsecured creditors. The Adversary Proceeding will determine the outcome of core issues which are crucial to the Debtor's underlying bankruptcy proceeding (the "Bankruptcy Case") and any recovery by unsecured creditors in the Bankruptcy Case. The Defendants have filed various proofs of claims (Claims No. 6-1, 7-1, and 8-1) totaling about $85,000,000 (collectively, the "Defendant Claims").

Despite their purported reservation of rights in the filed Defendant Claims, the Defendants have submitted to the jurisdiction of this Court which is charged with determination of the critical core issues presented in the Adversary Proceeding. The interests of unsecured creditors are directly and significantly impacted by the resolution of these core issues. Accordingly, the Committee's duty to act in safeguarding these interests is also implicated, as the Committee is the entity charged by statute with safeguarding those interests.

The Complaint alleges, *inter alia*, that the Defendants (i) received fraudulent conveyances under 11 U.S.C. 548; (ii) filed claims in this bankruptcy which, even if they are not disallowed under 11 U.S.C. § 502, are subject to equitable subordination under 11 U.S.C. § 510; (iii) have valuable property subject to turnover to the Debtor as property of the estate under 11 U.S.C. § 542; (iv) and should be enjoined from further interference with the Debtor's property under 11 U.S.C. § 105. These are all core issues which directly impact the unsecured creditors and their prospects for recovery in this case. Although not alleged, certain of Defendants may be insiders and, in any event, the Committee believes the Debtor's estate additionally may maintain preference claims against these Defendants under 11 U.S.C. § 547.

The Debtor's assertion of Defendants' interference with the Debtor's business is perhaps most troubling and why the Debtor needs authority to conduct 2004 discovery on parties who potentially may be (and may have been) doing business in direct contradiction to the agreement between the parties.  If this interference is continuing, that is all the more reason, respectfully, for this Court to allow discovery in the Bankruptcy Case generally to determine whether additional parties should be joined in the Adversary Complaint and perhaps additional causes of action asserted as well.

The Committee's intervention is thus necessary to protect the important interests of unsecured creditors in matters of this magnitude.  Accordingly, this Court should find that the Committee is permitted to intervene in the Adversary Proceeding as of right under Fed. R. Civ. P. 24(a)(2), as the Committee has a significant interest in the current dispute that may be impaired absent its intervention, and existing parties to the Adversary Proceeding do not adequately represent the Committee's interests.  In the alternative, the Court should permit the Committee to intervene under Fed. R. Civ. P. 24(b), as the Committee's motion is timely, it has a significant interest in this dispute, and its participation will in no way prejudice or delay the existing parties.

## II.  JURISIDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 1103(c), and 1109(b) of the Bankruptcy Code and Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III.  BACKGROUND

A.     **The Chapter 11 Case to Date**

The Debtor filed this bankruptcy case on September 30, 2019 (the "Petition Date") and the instant Adversary Proceeding on October 9, 2019.  In addition to the Adversary Proceeding, the Committee is advised that the Debtor is actively marketing its other assets for sale and intends to file a motion or motions to sell those assets shortly.  The Debtor is liquidating its assets in an orderly fashion.  As detailed in the Adversary Proceeding, this decision was not as a result of choice by the Debtor.  It was in fact apparently directly caused by the Defendants.  The outcome of this Adversary Proceeding is core to the outcome of the Bankruptcy Case.

The Court is well aware of the aggressive posture of Defendants in seeking to remove portions of the underlying dispute away from this Court and into the pending arbitration proceedings ("Arbitration").  The Committee is not a party to the subject "Arbitration Agreement" or the Arbitration.  Moreover, the majority of claims asserted in the Adversary Proceeding did not exist prior to the Debtor's bankruptcy filing and were not asserted in the Arbitration.  The Committee joined in the Debtor's opposition to Defendants' Motion seeking to stay the Adversary Proceeding and reiterates the points made by the Debtor and the Committee at the hearing thereon.  Respectfully, because the outcome of this Adversary Proceeding is a "core" proceeding and crucial to the administration of this Bankruptcy Case, the Court should exercise jurisdiction over it, even if certain claims could be litigated elsewhere.

The outcome of the instant Adversary Proceeding is critical to the unsecured creditors as the Debtor appears to be headed to an orderly liquidation of its assets.  The claims in the Adversary Proceeding may very well represent the largest asset of this Debtor's estate.  The Committee respectfully submits that its participation in this Adversary Proceeding is warranted in order to protect the interests of creditors in this potentially valuable asset.

### B. The Committee's Appointment and Proposed Intervention

On November 20, 2019, the United States Trustee appointed the Committee as required by section 1102 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Committee represents the interests of unsecured creditors of the Debtor, and is authorized to "investigate the acts, conduct, assets, liabilities, and financial condition" of the Debtor, as well as empowered to "perform such other services as are in the interests of those represented." *See*, 11 U.S.C. § 1103(c). The Committee is expressly authorized to raise and appear and be heard on any issue arising in the Debtor's case. 11 U.S.C. § 1109(b).

On December 20, 2019, the Committee requested the Debtor's and Defendants' consent to the Committee intervening in the Adversary Proceeding. Although the Debtor consents to the Committee's intervention, the Defendants have not yet responded.

## IV. LEGAL ARGUMENT

The Committee is permitted to intervene as of right under Federal Rule 24(a) (as made applicable herein by Bankruptcy Rule 7024), both because it has an unconditional right to intervene under 11 U.S.C. § 1109(b) and because it has an interest in the Adversary Proceeding that is not adequately represented by other parties. Alternatively, the Committee should be permitted to intervene under Federal Rule 24(b).

### A. The Committee is Permitted to Intervene as of Right Under Federal Rule 24(a)(1)

"[I]ntervention in an adversary proceeding is governed by Rule 24 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by virtue of Rule 7024 of the Federal Rules of Bankruptcy Procedure." *In re Kaiser Steel Corp.*, 998 F.2d 783, 790 (10th Cir. 1993) (quoting *In re St. Theresa Properties, Inc.*, 152 B.R. 852, 853 (S.D.N.Y.1993)). To intervene of right, Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*In re Kaiser Steel Corp.*, 998 F.2d 783, 790 (10th Cir. 1993)

The Bankruptcy Code vests creditors' committees with an unqualified right to be heard on any issue in a case. 11 U.S.C. § 1109(b). This includes the right to intervene in an adversary proceeding within a debtor's bankruptcy case. *Assured Guaranty Corp. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, 872 F.3d 57, 63 (1st Cir. 2017) ("§ 1109(b) provides [a creditors' committee] with an 'unconditional right to intervene' in [an] adversary proceeding" under Federal Rule 24(a)(1)). As the Eleventh Circuit recently held in 2018:

> "[T]he word 'case,' as used in the bankruptcy context, 'is a term of art' with a specialized meaning. It 'refers to litigation commenced by the filing with the bankruptcy court of a petition under the appropriate chapter of Title 11.' The term 'proceeding,' on the other hand, refers to a 'particular dispute or matter arising within a pending case—as opposed to the case as a whole.' " *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 872 F.3d 57, 62–63 (1st Cir. 2017) (quoting *In re Caldor Corp.*, 303 F.3d 161, 168 n.3 (2d Cir. 2002) ). *See also In re Thompson*, 965 F.2d 1136, 1140 (1st Cir. 1992) ("An adversary proceeding is a subsidiary lawsuit within the larger framework of a bankruptcy case."); 7 *Collier on Bankruptcy* 1109.04(1)(a)(i) (16th ed. 2016) ("Collectively, the term 'case' encompasses all of the discrete proceedings that follow the filing of a petition for bankruptcy relief, including adversary proceedings."). Accordingly, the adversary proceeding between Mr. Beem and Mr. Ferguson was part of the same "case" as Mr. Ferguson's larger bankruptcy case.

*Beem v. Ferguson*, 713 F. App'x 974, 982 (11th Cir. 2018).

In *Assured Guaranty*, the First Circuit rejected the holding in a Fifth Circuit decision from 1985 that section 1109(b) does not afford creditors' committees a statutory right to intervene, despite the "strong" suggestion of such a right in section 1109(b), because courts are generally hesitant to find unconditional statutory rights of intervention. *See Id.* at 62 (discussing *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286-87 (5th Cir. 1985)). As the First Circuit noted, "[i]n the more than thirty years since *Fuel Oil* was decided, however, the weight of persuasive authority has shifted considerably."

The Second and Third Circuits also have rejected *Fuel Oil*'s reasoning. *Id.* at 6263; *see also Term Loan Holder Comm. v. Ozer Group (In re Caldor Corp.)*, 303 F.3d 161, 176 (2d Cir. 2002); *Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445, 457 (3d Cir. 1982) (noting that interpreting section 1109(b) to allow a creditors' committee to intervene in adversary proceedings as of right "comports with the usual expectation of parties in interest that they will have a right to be heard, as parties in interest, by the tribunal adjudicating their interests," which expectation "has its roots in notions of due process and fair play").

Courts within the Tenth Circuit have allowed intervention by creditors' committees in adversary proceedings when justice requires protections of the committee's interests. *See, e.g., In re Commercial Fin. Servs., Inc.*, 268 B.R. 579, 584 (Bankr. N.D. Okla. 2001). The Committee respectfully submits that the recent holdings from the First, Second, and Third Circuits should guide this Court's decision and that section 1109(b) affords creditors' committees an unconditional right to intervene in the Adversary Proceeding under Rule 24(a)(1).

**B.     The Committee is Permitted to Intervene as of Right Under Federal Rule 24(a)(2)**

The Committee should also be permitted to intervene as a matter of right under Federal Rule 24(a)(2). Intervention in an adversary proceeding is governed by Bankruptcy Rule 7024,

7

which expressly states that Federal Rule 24 applies in such proceedings. Fed. R. Bankr. P. 7024. Rule 24 provides that "[upon a timely application, the court **must** permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (emphasis added).

To intervene as a matter of right under Rule 24(a)(2), a proposed intervenor must establish four elements: "(1) that the prospective intervenor's motion is timely; (2) that would-be intervenor has a "significantly protectable" interest relating to . . . the subject of the action; (3) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede the intervenor's ability to protect that interest; and (4) that such interest is inadequately represented by the parties to the action." *Stadnicki v. Laplanche*, 2018 U.S. Dist. LEXIS 147572, at *6-7 (N.D. Cal. Aug. 29, 2018).

While the party seeking to intervene as of right has the burden of showing that these four elements are met, the Tenth Circuit has recently held that Rule 24's requirements are broadly interpreted in favor of intervention. *Kane Cty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) ("This court has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene."); *see also, In re Grupo Unidos Por El Canal S.A.*, 2015 U.S. Dist. LEXIS 52358, at *9-10 (N.D. Cal. Apr. 21, 2015); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). This is because "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Id.* By allowing parties with a practical interest in the outcome of the case to intervene, future litigation is often resolved or simplified; while also allowing an interested party to express its

views before the Court. *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002). Because all four requirements are satisfied here, the Court should allow the Committee to intervene in the Adversary Proceeding.

### 1. The Committee's Motion is Timely

In determining whether a motion to intervene is timely, a court considers: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (citing *County of Orange v. Air Calif.*, 799 F.2d 535, 537 (9th Cir. 1986)). The U.S. Trustee appointed the Committee on November 20. The Adversary Proceeding is in its infancy. It has taken the Committee several weeks to "get up to speed" on this bankruptcy. The Committee has moved as quickly as possible to assert its right to participate in the Adversary Proceeding. Accordingly, this Motion is timely. *See, e.g.*, *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (holding motion to intervene as timely filed when brought approximately two months after complaint was filed); *Day v. Apoliona*, 505 F.3d 963, 965-66 (9th Cir. 2007) (allowing the State of Hawaii to intervene nearly two years after the start of the case); *Carpenter*, 298 F.3d at 1125 (motion to intervene was timely despite being filed 18 months after start of the case). There is no prejudice to the parties since the proceeding is young and the Committee has moved to intervene as timely as possible under the circumstances.

### 2. The Committee Has a Significant Protectable Interest

An applicant has a "significant protectable interest: in an action if it (1) asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff[s'] claims." *Perry v. Schwarzenegger*, 2010 U.S. Dist. LEXIS 78815, at *11-12 (N.D. Cal. Aug. 4, 2010).

9

The Committee's interest in the Adversary Proceeding is protected under the Bankruptcy Code. While the interest "protected under law" test "is not a clear-cut or bright-line rule" and in fact does not require that a "specific legal or equitable interest [] be established" (*S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)), the Committee has a "specific" legal interest outlined in Bankruptcy Code section 1109(b). This statutory right to appear and be heard on all issues arising in the Debtor's case emphasizes the importance of the Committee's participation in all aspects of the cases bearing on unsecured creditors, and underscores the strength of the Committee's interest in participating in a dispute of this significance to the Debtor's financial affairs and potential distributions to creditors. *See* 7 *Collier on Bankruptcy* ¶ 1109.04 (16th 2018) (noting the strength of section 1109(b) with respect to creditors' committees, for such committees are "arguably the one party in interest that, for all practical purposes, typically represents stakeholders with the *most* interest in the outcome of virtually every proceeding"). The Committee therefore has an "interest protected under law," under the first prong of the protectable interest test under Rule 24(a)(2).

The second part of the protectable interest test requires a relationship between the legally protected interest and the claims at issue in the proceeding; this requirement "is met if the resolution of the plaintiff's claims actually will affect the applicant." *Hilao v. Estate of Marcos (In re Estate of Ferdinand Marcos Human Rights Litig.)*, 536 F.3d 980, 984-85 (9th Cir. 2008). A protectable interest is one that "would be 'impeded by the disposition of the action.' " *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (quoting *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007)).

Resolution of this Adversary Proceeding most directly impacts the unsecured creditor body in the Bankruptcy Case. The Committee has perhaps a paramount interest in this case to

10

that of the Debtor given that it is unclear yet whether there will be any return to equity in the Bankruptcy case.  The Committee's relationship to the claims at issue here directly correlate to the ultimate recovery by creditors.

Federal Rule 24(a)(2) further requires the applicant to show that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest. *Los Angeles*, 288 F.3d at 398. The relevant inquiry to satisfy this requirement is whether the disposition of the action "may" impair rights "as a practical matter" rather than whether the disposition will "necessarily" impair them. *See id.* at 401. "If an absentee would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene …" *Mont. Wilderness Ass'n*, 647 F.3d at 898.

The Committee has really no means to protect the interests of creditors in this important asset if it is not permitted to intervene in the Adversary Proceeding.  The Committee is not a party to the Adversary Proceeding or, frankly, to the Arbitration Agreement or Arbitration.  Naturally, the Committee is concerned that if the Adversary Proceeding is litigated without its input and expertise, the rights and remedies of creditors may be severely impaired.

The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest. *MacLellan Indus. Servs. v. Local Union No. 1176*, 2006 U.S. Dist. LEXIS 76235, at *17-18 (N.D. Cal. Oct. 6, 2006) (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)).  However, the burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Id.* (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972)).

No party presently before the Court in this Adversary Proceeding adequately represents the Committee's interest in maximizing recoveries for unsecured creditors. While the Debtor

does have a duty to maximize the value of its estate generally, only the Committee has the specific interests of unsecured creditors as its exclusive priority. Although "the interests of a creditors' committee and the [debtor-in-possession] may sometimes align," they "are not identical" and it is the creditors' committee's duty to ensure that the best interests of the creditors it represents are consistently protected and championed. *See Official Comm. Of Unsecured Creditors of Grand Eagle Cos. v. Asea Brown Boveri, Inc.*, 313 B.R. 219, 224 (N.D. Ohio 2004).

Although it has a duty to maximize the value of the estate generally, it has asserted core bankruptcy claims which, if successful, will inure directly to the benefit of the unsecured creditors. The Debtor does not list any secured creditors in this case and the Committee is not aware of any. Respectfully, the Committee needs to protect the interests of its creditor constituency and should be permitted to intervene as of right.

C.     **In the Alternative, the Committee Should Be Granted Permission to Intervene**

In the alternative, the Committee seeks permission to intervene in the Adversary Proceeding under Federal Rule 24(b), as incorporated by Bankruptcy Rule 7024. An applicant who seeks permissive intervention under Federal Rule 24(b)(1) must prove that it meets three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Stadnicki*, 2018 U.S. Dist. LEXIS 147572, at *14.

The causes of action raised by the Debtor largely assert core claims under the Bankruptcy Code, many of which are routinely delegated to the Committee to handle by way of adversary proceedings (*ie.*, 11 U.S.C. 502, 510, 547 and 548). The Committee not only shares in the questions of law, it should really be the principal proponent of this Adversary Proceeding based on the Debtor's assertion that, solely as a result of the Defendants' actions, the Debtor is being forced out of business.

The Committee's Motion is timely. "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, any prejudice to the applicant, and the existence of any unusual circumstances." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). A motion for permissive intervention may be timely when filed approximately four years after the relevant proceeding was initiated. *See Kamakahi v. Am. Soc'y for Reprod. Med.,* 2015 U.S. Dist. LEXIS 54842, at *11 (N.D. Cal. Apr. 27, 2015). Here, the Committee has filed this Motion a little over 60 days after the Debtor filed its complaint to initiate the Adversary Proceeding. There is no prejudice to the parties given the stage of the proceeding and the Debtor's consent. However, there would be a significant prejudice to the Committee if the Motion is denied given its huge interest in the prosecution and outcome of the Adversary Proceeding.

Finally, the independent jurisdictional ground requirement for the Committee's claims does not apply here because the Committee "does not raise any new claims." *California v. HHS*, 2019 U.S. Dist. LEXIS 16754, at *14 (N.D. Cal. Feb. 1, 2019). It simply seeks to protect and preserve its interests implicated in the claims and defenses already at issue in the Adversary Proceeding.

## V. CONCLUSION

For the reasons set forth herein, the Committee respectfully requests that the Court enter an order (i) granting this Motion, (ii) authorizing the Committee to intervene in the Adversary proceeding, and (iii) granting such other and further relief as is just and proper.

DATED: December 23, 2019

/s/ Stephen M. Packman, Esq.
Stephen M. Packman, Esq.
Douglas G. Leney, Esq.
Jorge Garcia, Esq.
**ARCHER & GREINER, P.C.**
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA  19103
Telephone: (215) 963-3300
E-mail: spackman@archerlaw.com
          dleney@archerlaw.com
          jgarcia@archerlaw.com

-and-

/s/ Risa Lynn Smith-Wolf, Esq.
Risa Lynn Smith-Wolf, Esq.
**HOLLAND & HART LLP**
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000
E-mail: rwolf@hollandhart.com
*Co-Counsel for Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served via the Court's CM/ECF system on all counsel of record on December 23, 2019.

/s/ Stephen M. Packman, Esq.
Stephen M. Packman, Esq.
Douglas G. Leney, Esq.
Jorge Garcia, Esq.
ARCHER & GREINER, P.C.
*Counsel for the Official Committee of Unsecured Creditors*

13992743_v1